■ LEONARD ZACHARY SOTOMAYOR, Individually, as Assignee of the Rights of H-T CAPITAL, INC. and Derivatively on Behalf of T-1 HOLDINGS, LLC, Appellant, v MEDIFAST, INC.; Formerly HEALTHRITE, INC., et al., Respondents , et al., Defendant. [814 NYS2d 103]—

---

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 8, 2004, which dismissed the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to the extent of reinstating the first and second causes of action and remanding the matter for further proceedings, and otherwise affirmed, without costs.

Plaintiff correctly asserts error by the motion court in dismissing his first and second causes of action on this preanswer motion to dismiss, inasmuch as the documentary evidence submitted failed to "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). In his sworn affidavit opposing the motion to dismiss, plaintiff asserted that the authenticity of the copy of the H-T Capital agreement submitted by defendants to the court was questionable, and consequently should not have been relied upon in dismissing his first and second causes of action. He supports his contention with specific, undisputed allegations that tend to show that the version submitted was not the agreement that he executed, which did not include, among other things, the alleged "Exhibit A," with its provision requiring that defendant Medifast consent in writing to an assignment of its agreement with H-T Capital. Moreover, the court failed to "accept the facts as alleged in the complaint as true," as well as any submissions in opposition to the dismissal motion, and "accord plaintiff[ ] the benefit of every possible favorable inference" (*Leon*, 84 NY2d at 87).

The court correctly dismissed plaintiff's remaining claims, since they were derivative, made on behalf of T-1 Holdings, a Delaware limited liability company, and the record shows that T-1 Holdings was not authorized to do business in either New York or Delaware at the time the claims were commenced. Not only had T-1 not obtained the requisite certificate of authority under New York law (*see* Limited Liability Company Law § 808 [a]), but the Delaware Secretary of State certified in 2004 that as of June 1, 2000, T-1 Holdings was "no longer in existence and good standing" for failure to pay its taxes. Since a derivative suit is brought on behalf of the corporation, the corporation must be in existence throughout the duration of the suit (*see City Inv. Co. Liquidating Trust v Continental Cas. Co.*, 624 A2d 1191 [Del 1993] [generally, Delaware law does not allow commencement of a suit by or against a corporation beyond the three-year statutory winding-up period after dissolution]).

Hence, the derivative claims, commenced in December 2003, could not properly be maintained. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.