■ J. M. DEUTSCH, INC., et al., Respondents, v. ROBERT PAPER CO., INC., et al., Appellants.— Order entered on March 9, 1961, insofar as it denies defendants' cross motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the amended complaint, unanimously affirmed, on the law, without costs. The agreement between the parties, a copy of which is annexed to the complaint, has the effect of conferring a secret preference upon a particular creditor of the plaintiff corporation when a debtor in a proceeding brought pursuant to chapter XI of the Federal Bankruptcy Act. It is clear that such agreement was illegal and also void as against public policy (see U. S. Code, tit. 18, § 152; 8 Collier, Bankruptcy, p. 1204; *Meyer* v. *Price,* 250 N. Y. 370; *State Bank* v. *Siff,* 228 App. Div. 2, affd. 254 N. Y. 627) and that "for the sake of public interests" and in the furtherance of public policy, the court may withhold all relief to plaintiffs. (See *Flegenheimer* v. *Brogan,* 284 N. Y. 268, 272; *McConnell* v. *Commonwealth Picture Corp.,* 7 N Y 2d 465.) But, constrained as we are on this motion, to construe the complaint liberally, we cannot say that, as a matter of law, the court is bound to and should withhold the granting of all relief sought by plaintiffs. There are allegations tending to show that the making by the plaintiffs, including the plaintiff corporation, of the particular agreement was induced by the improper threats of and pressure exerted by the defendants amounting to duress. Whether or not this was actually so, and whether or not by reason thereof the parties are not to be considered *in pari delicto,* are matters which may only be determined upon the full development of the facts on a trial. (See 17 C. J. S., Contracts, § 274, and cases cited; 6 Williston, Contracts [rev. ed.], § 1789); 3 Pomeroy's Equity Jurisprudence [5th ed.], § 942a; also *Solinger* v. *Earle,* 82 N. Y. 393, 397, 398.) Under the circumstances, it may be that all the plaintiffs, or the plaintiff corporation, should be relieved of the provisions of the agreement that are still executory. It is noted that under the allegations of the complaint, certain future installment payments by the plaintiff corporation to innocent creditors, as provided for in the plan of arrangement, approved in the Federal court, are still unpaid. Thus, it may be that a development of the facts will dictate that a rescission of the executory provisions of the secret preference agreement, at least insofar as the debtor corporation is concerned, should be had in the interests of the creditors and to an extent necessary to protect them. In this connection, the trial court may consider whether or not notice shall be given to creditors before the trial is concluded and prior to the entry of judgment. In conclusion, it is to be noted that we are merely holding that the complaint, liberally construed, may not be dismissed. Whether or not the plaintiffs are entitled to any relief, and the extent of the relief to be granted to them, if any, should await a full development of the facts upon the trial. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.