Adelhardt Constr. Corp. v Citicorp N. Am., Inc. (2020 NY Slip Op 01560)





Adelhardt Constr. Corp. v Citicorp N. Am., Inc.


2020 NY Slip Op 01560


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


655186/18 -475 11212 &

[*1] Adelhardt Construction Corp., Plaintiff-Respondent,
v
Citicorp North America, Inc., et al., Defendants-Appellants.


Alonso Andalkar & Facher, P.C., New York (Mark J. Alonso of counsel), for appellants.
Darger Errante Yavitz & Blau LLP, New York (Eric Statman of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about June 24, 2019, which, to the extent appealed from, denied defendants' motion to dismiss the breach of contract claims, unanimously affirmed, without costs.
Plaintiff allegedly was an authorized contractor performing work for defendants over the course of more than 60 years. The complaint alleges that between 2012 and 2014, defendants' director of global construction, John Cassisi, demanded that plaintiff perform work at his home and facilitate construction work for defendants by unapproved contractors by falsifying records, while threatening to withhold or delay payments for work already performed and to not award future projects to plaintiff. Following an investigation, Cassisi was charged with, and pleaded guilty to, third-degree money laundering and first-degree commercial bribe receiving for his conduct vis-à-vis various contracting companies. Plaintiff and its corporate president were later charged with, and pleaded guilty to, first-degree falsifying business records, in furtherance of a scheme whereby Cassisi requested and received benefits in exchange for using his position to maintain plaintiff as an approved vendor.
Defendants moved to dismiss the breach of contract claims on the ground of "gravely immoral and illegal conduct" in plaintiff's performance of its contracts (see McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 471 [1960]; Prote Contr. Co. v Board of Educ. of City of N.Y., 230 AD2d 32, 40 [1st Dept 1997]). The motion was correctly denied, as Cassisi's alleged threats, if proved, would be sufficient to establish extortion (People v Kacer, 113 Misc 2d 338, 346-347 [Sup Ct, NY County 1982]), which precludes dismissal (see Kraft Gen. Foods, Inc. v Cattell, 18 F Supp 2d 280, 285 [SD NY 1998]; J.M. Deutsch, Inc. v Robert Paper Co., 13 AD2d 768 [1st Dept 1961]). The plea agreements relied upon do not utterly refute plaintiff's allegations of extortion so as to establish bribery conclusively (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). At this early stage of the litigation, it is unclear whether there is "a direct connection between the illegal transaction and the obligation sued upon" (McConnell, 7 NY2d at 471).
Defendants also failed to establish conclusively that Cassisi's actions cannot be imputed to them because he "totally abandoned his principal's interests and [was] acting entirely for his own or another's purposes" (Kirschner v KPMG LLP, 15 NY3d 446, 466 [2010] [internal quotation marks omitted]). Not every bribe satisfies this standard, as an errant employee may also have been promoting his employer's interests (see id. at 466-467; Prudential-Bache Sec. v Citibank, 73 NY2d 263, 277 [1989]). Whether or not Cassisi induced plaintiff's actions by improper threats, and whether or not his actions may be imputed to
defendants so that the parties cannot be considered in pari delicto, can only be determined upon the full development of the facts.
M-475 — Adelhardt Construction Corp. v Citicorp
North America, Inc.
Motion to enlarge the record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK