■ WALTON MANAGEMENT, LLC, et al., Respondents, v WALTON APARTMENTS, LLC, Appellant. [748 NYS2d 737] —Order, Supreme Court, Bronx County (George Friedman, J.), entered June 13, 2001, which, in an action for specific performance of a contract in which plaintiffs agreed to buy and defendant agreed to sell two multifamily residential buildings, inter alia, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

The documentary evidence does not "utterly refute" plaintiffs' allegations and conclusively establish defendant's claim that plaintiffs canceled the contract (see Goshen v Mutual Life Ins. Co., 98 NY2d 314, 326). It is undisputed that upon execution of the contract on December 4, 2000, plaintiffs tendered a check for $75,000 as down payment on the contract price; that as of December 6, 2000, defendant's attorney had not deposited the check in an escrow account, as required by the contract; that by fax dated December 6, 2000, plaintiffs' attorney advised defendant's attorney of the name and federal tax identification number of the purchasing entity, and also told defendant's attorney not to deposit the $75,000 check pending further communication between the two; and that by letter dated December 11, 2000, defendant's attorney advised plaintiffs' attorney that defendant considered the contract terminated by reason of the December 6 instruction not to deposit the check. Responding to defendant's argument that the December 6 fax shows that plaintiffs canceled the contract, plaintiffs' attorney asserts that

defendant's attorney had indicated at the contract execution that he did not want to deposit the check until he knew that plaintiffs were not going to cancel, as was plaintiffs' right until the end of the contractual 10-day due diligence period on December 14; that on December 10, plaintiffs' attorney left a telephone message with defendant's attorney's office that plaintiffs wanted to go ahead with the deal; and that on December 11, defendant's attorney called plaintiffs' attorney and said that defendant did not want to go ahead with the deal because it wanted more money.

There is no merit to defendant's argument that plaintiffs are relying on an unenforceable oral modification not to deposit the check. Plaintiffs, who allege a fully executed contract supported by a down payment that defendant's attorney was to hold in escrow pending closing, rather are seeking to enforce the contract as written. We would also note the contract provision that upon receipt of a notice of cancellation from the buyer, the seller's attorney "shall return the downpayment, together with the interest earned thereon, *or destroy the Purchaser's check if not deposited*, to the Attorney for the Purchaser [*sic*] and this contract shall thereupon be deemed null and void" (emphasis added). Thus, the contract itself contemplated that the down payment check might not be deposited immediately. Also unavailing is defendant's reliance on the contract provision allowing it to void the contract if the deposit check failed collection. Defendant made no attempt to collect the check even when informed that plaintiffs wanted to go ahead with the closing, and the December 6 fax was hardly a clear and unequivocal repudiation of the contract (*see Heller & Son v Lassner Co.*, 214 App Div 315, 320). On the contrary, the fax, by providing the information needed to set up an escrow account, suggested that plaintiffs were still very much interested in the deal, and consistent with such interest, the instruction not to deposit the check was plainly not final or absolute. Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.