The Sutton Apartments Corporation, Petitioner-Respondent, 
against
Doron Zanani, Respondent-Appellant, and "John Doe" and "Jane Doe," Respondents.




Respondent Doron Zanani appeals from an order of the Civil Court of the City of New York, New York County (Laurie Marin, J.), dated July 12, 2018, which denied his motion for summary judgment dismissing the petition in a holdover summary proceeding, granted petitioner's cross motion for summary judgment of possession and set the matter down for a hearing to determine the reasonable value of petitioner's attorneys' fees.




Per Curiam.
Order (Laurie Marin, J.), dated July 12, 2018, reversed, with $10 costs, petitioner's cross motion denied, the directive that a hearing be held on the issue of petitioner's attorneys' fees vacated, respondent's motion granted, the petition dismissed and the matter remanded to Civil Court for a determination of the amount of reasonable attorneys' fees due respondent.
Upon the closing of his purchase of an apartment at petitioner cooperative, respondent Zanani was required to tender a bank check payable to nonparty New York City Housing Development Corporation [HDC] in the amount of $122,606.03. It is not disputed that respondent tendered such a check at closing. After the closing, petitioner forwarded the check to HDC by messenger, but the check was allegedly never received by HDC.
Approximately one year later, petitioner informed respondent, now a proprietary lessee, that HDC never received the check and was requesting a replacement. In order to obtain the replacement, respondent was required by his bank to execute an affidavit to stop payment on the original check, and to declare that said original was "lost, stolen or destroyed" and that he did not transfer ownership of the item. He executed an affidavit, but, since he did not have personal knowledge as to the facts regarding the loss of the check, respondent, an attorney, requested that [*2]HDC execute a lost check affidavit. HDC refused and, as a result, respondent did not tender a replacement check.
Petitioner then commenced this holdover proceeding alleging that respondent's failure to tender a replacement check constituted a breach of a "survival of closing" affidavit, which constitutes a default under the proprietary lease. In pertinent part, the survival of closing affidavit provides that
"All monies received at closing are subject to collection and that this document is intended to and will survive in full force and effect after the closing. Any failure to correct said error or omission or replace any check that [fails] in collection ... shall be deemed a default under the By-laws, Proprietary Lease . . . ."
After respondent answered, both parties moved for summary judgment. Civil Court granted petitioner's motion and awarded it summary judgment of possession, holding that respondent breached the survival of closing affidavit when he stopped payment on the original check and did not tender a replacement check.
Upon respondent's appeal, we reverse to deny petitioner's cross motion and grant summary judgment to respondent dismissing the petition. We conclude that respondent did not breach the survival of closing affidavit (and proprietary lease) because the bank check he indisputably tendered at closing did not "fail[ ] in collection." To the contrary, the check was never presented for collection because it was lost after the closing through no fault of respondent (see Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC, 160 AD3d 632, 636 [2018], lv dismissed 32 NY3d 1080 [2018]; see also Walton Mgt. v Walton Apts., 298 AD2d 277, 278 [2002). Nor, in these circumstances, did respondent's act of stopping payment on the check that was never presented for collection because it was lost, and declining to tender a replacement until HDC submitted a lost check affidavit, amount to a failure of collection.
We have been informed that subsequent to the order on appeal, HDC executed an affidavit attesting to its loss of the check and, as a result, respondent delivered to HDC a replacement check. Nevertheless, the parties' respective requests for attorneys' fees are not moot.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 1, 2020