OPINION OF THE COURT
 

 Ciparick, J.
 

 On these appeals we are once again called upon to determine the applicability of New York’s Consumer Protection Act. General Business Law § 349 (a) prohibits “[deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.” An issue common to both appeals is whether an allegedly deceptive scheme that originates in New York, but injures a consumer in a transaction outside the state, constitutes an actionable deceptive act or practice under General Business Law § 349 (a). An additional issue in
 
 Scott
 
 is whether the New York plaintiffs have sufficiently stated a claim for deceptive acts and practices, or false advertising, under General Business Law § 349 (h) or § 350. In the circumstances presented, we answer the first question in the negative and the second in the affirmative.
 

 I.
 

 A. The
 
 Goshen
 
 Action
 

 Plaintiffs in this action are insurance policy purchasers who claim to be the victims of a deceptive scheme contrived and implemented by defendants Mutual Life Insurance Company of New York and its wholly owned subsidiary, MONY Life Insurance Company of America (MONY). Defendants have extensive ties to New York and conduct business in the state. Plaintiffs purchased “vanishing premium” policies from defendants at various times before starting this action. A “vanishing premium” would allegedly allow consumers to make periodic premium payments at a rate that would yield investment income to permit premium payments to decline until the obligation to make payments vanished entirely without affecting coverage
 
 (see Gaidon v Guardian Life Ins. Co. of Am..,
 
 94 NY2d 330 [1999]). Plaintiffs claim that the vanishing premium is a deceptive scheme based on the artificial inflation of projected policy dividends.
 

 Plaintiff Paul A. Goshen, a Florida resident, used the cash surrender proceeds of his MONY life insurance policy to purchase a vanishing premium policy. Plaintiff claims that a MONY sales agent induced him to surrender his prior policy in
 
 *322
 
 order to purchase the vanishing premium policy using a deceptive sales presentation to illustrate its potential economic benefits. Plaintiff, believing the sales information to be true, ultimately purchased a vanishing premium policy through a MONY representative in Florida.
 

 Plaintiff’s complaint alleged several causes of action, including “deceptive trade practices.” Following commencement of the action, Supreme Court granted defendants’ motion for summary judgment and dismissed the action in its entirety, and the Appellate Division affirmed. On appeal, this Court reinstated only plaintiffs General Business Law § 349 cause of action, holding that an issue of fact remained as to whether defendants’ acts were misleading to a “reasonable consumer,” and remitted the matter to Supreme Court
 
 (see Gaidon,
 
 94 NY2d at 344). On remittal, defendants sought dismissal as to plaintiff Goshen. Supreme Court granted the motion and dismissed Goshen’s claim because he purchased his policy in Florida. The Appellate Division affirmed, and we granted plaintiff leave to appeal (97 NY2d 609 [2002]). We now affirm.
 

 B. The
 
 Scott
 
 Action
 

 Plaintiffs here, as in
 
 Goshen,
 
 collectively seek relief for acts that they allege are deceptive. Plaintiffs are consumers who subscribed to defendants’ Digital Subscriber Line (DSL) Internet service. Defendants are Delaware corporations with principal places of business in New York and Virginia. Plaintiffs Walter Scott, David Solomon and Eric Wu are New York residents. The remaining plaintiffs — Alvarez & Co., Inc., John F. Latuperissa, Andrew Boncek and Greg Howard — are out-of-state residents.
 

 In 1999, defendants initiated a significant marketing campaign to promote its DSL service. Through their Web site and various forms of print media, defendants advertised the service as
 

 “fast — High speed Internet access up to 126X faster than your 56K modem.
 

 “dedicated — You’re always connected — no dialing in and no busy signals, ever! * * *
 

 “simple — Works on your existing phone line and our self-installation kit can be set up in minutes.”
 

 Defendants’ Web site also made representations, in the form of a customer testimonial, about the quality of the technical sup
 
 *323
 
 port services. The DSL service had a 30-day money-back guarantee, and the Internet Access Service Agreement contained several disclaimers, including a representation that “the service is provided on an ‘as is’ or ‘as available’ basis.”
 

 Plaintiffs subscribed to defendants’ DSL service and were dissatisfied with its performance. They allege that, contrary to defendants’ representations, the service was slow and unreliable and that customer service was woefully inadequate. Plaintiffs claim that the DSL connection “rarely, if ever, approaches the high speed” expressly represented by defendants. Plaintiffs further maintain that the “set up in minutes” self-installation kits are actually unusable by a substantial number of purchasers who are forced to wait for weeks or months to be connected. Finally, plaintiffs contend that defendants’ technical support service is inadequate to support DSL service and well below the quality represented by defendants. According to the complaint, these alleged deceptions injured plaintiffs by precipitating their purchase of a service that they are not receiving and causing them to spend inordinate time attempting to resolve problems with defendants’ technical support personnel.
 

 Plaintiffs commenced this action alleging, among other things, violations of General Business Law §§ 349 and 350. Defendants promptly moved to dismiss the complaint under CPLR 3211 (a) (1) and (7), and plaintiffs sought leave to amend their second amended complaint to add a claim for fraudulent inducement. Supreme Court denied defendants’ motion and granted plaintiffs leave to amend, finding the pleadings sufficient to defeat defendants’ CPLR 3211 motion. The Appellate Division reversed on the law, dismissing plaintiffs’ complaint. We granted plaintiffs leave to appeal (97 NY2d 698 [2002]). On this appeal, plaintiffs seek reinstatement of their General Business Law §§ 349 and 350 claims. We now modify the order of the Appellate Division and reinstate these claims for only the New York plaintiffs.
 

 II.
 

 New York’s Consumer Protection Act — General Business Law article 22-A — was enacted to provide consumers with a means of redress for injuries caused by unlawfully deceptive acts and practices
 
 (see
 
 General Business Law §§ 349, 350;
 
 see also, Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank,
 
 85 NY2d 20 [1995]). This legislation, much like its federal counterpart, the Federal Trade Commission Act
 
 *324
 
 (15 USC § 45), is intentionally broad, applying “to virtually all economic activity”
 
 (Karlin v IVFAm.,
 
 93 NY2d 282, 290 [1999]). The statute seeks to secure an “honest market place” where “trust,” and not deception, prevails (Oswego, 85 NY2d at 25, quoting Mem of Governor Rockefeller, 1970 NY Legis Ann, at 472).
 

 General Business Law § 349 provides that “[deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful” (General Business Law § 349 [a]).
 
 [1]
 
 The Attorney General is afforded broad enforcement powers under the statute
 
 (see
 
 General Business Law § 349 [f], [g]). Unlike private plaintiffs, the Attorney General may, for example, seek injunctive relief without a showing of injury
 
 (see
 
 General Business Law § 349 [b]). In an attempt to broaden the effectiveness of the statute, in 1980 a private right of action was provided to “any person who has been injured by reason of any violation of this section” (General Business Law § 349 [h]).
 

 Under General Business Law § 349 (h) “[a] prima facie case requires * * * a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof’
 
 (Oswego, 85
 
 NY2d at 25). Additionally, the allegedly deceptive acts, representations or omissions must be misleading to “a reasonable consumer”
 
 (Oswego, 85
 
 NY2d at 26;
 
 see also, Karlin,
 
 93 NY2d 282;
 
 Gaidon,
 
 94 NY2d 330).
 

 The novel issue before us today concerns the territorial reach of General Business Law § 349: can “hatching a scheme” or originating a marketing campaign in New York in and of itself constitute an actionable deceptive act or practice under the statute, or does the statute also require that the consumer be deceived in New York? We conclude that the transaction in which the consumer is deceived must occur in New York.
 

 We reach that conclusion by first looking to the words of the statute. The reference in section 349 (a) to deceptive practices in “the conduct of any business, trade or commerce or in the furnishing of any service
 
 in this state”
 
 (emphasis added) unambiguously evinces a legislative intent to address commercial
 
 *325
 
 misconduct occurring within New York. Indeed, an examination of the text of General Business Law § 349 leads us to conclude that “in this state” can only modify “the conduct of any business, trade or commerce [or] the furnishing of any service.” The phrase “deceptive acts or practices” under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer (see
 
 Gaidon,
 
 94 NY2d 330;
 
 Oswego,
 
 85 NY2d 20). Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York.
 

 Legislative history also supports that reading of the statute. Attorney General Robert Abrams’ 1980 memorandum to Governor Hugh Carey described the law as adding “significant new protection to consumers in this state” (Bill Jacket, L 1980, ch 346;
 
 see also
 
 Mem of Attorney General, 1963 NY Legis Ann, at 106 [noting that General Business Law § 350 “borrows the substantive standards of the Federal Trade Commission Act and applies them to intrastate transactions in New York”]). To apply the statute to out-of-state transactions in the case before us would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law § 349 (see
 
 Oswego,
 
 85 NY2d at 26 [striking a balance between protecting consumers and avoiding a “potential * * * tidal wave of litigation against businesses * * * not intended by the Legislature”]). Furthermore, the interpretation out-of-state plaintiffs would have us adopt would tread on the ability of other states to regulate their own markets and enforce their own consumer protection laws.
 

 Lastly, we note that our General Business Law analysis does not turn on the residency of the parties. As both the text of the statute and the history suggest, the intent is to protect consumers in their transactions that take place in New York State. It was not intended to police the out-of-state transactions of New York companies, nor was it intended to function as a per se bar to out-of-state plaintiffs’ claims of deceptive acts leading to transactions within the state. We next apply these principles to the facts before us.
 

 III.
 

 Plaintiff in
 
 Goshen
 
 contends that the elaborate “vanishing premium” concept was conceived and orchestrated in New York prior to any dissemination to potential consumers. Therefore, plaintiff would have us hold that actionable deceptive conduct
 
 *326
 
 occurred in New York at the time MONY developed or devised a potentially deceptive plan, regardless of its implementation. Similarly, plaintiffs in
 
 Scott
 
 allege that they have adequately stated a claim under General Business Law § 349.
 

 Plaintiffs in both appeals ignore a basic point with regard to General Business Law § 349. The origin of any advertising or promotional conduct is irrelevant if the deception itself— that is, the advertisement or promotional package — did not result in a transaction in which the consumer was harmed. In
 
 Oswego,
 
 we required “[p]roof that defendant’s acts are directed to consumers” in order to maintain a claim under section 349
 
 (Oswego,
 
 85 NY2d at 25). Again in
 
 Gaidon
 
 our analysis involved transactions with consumers (94 NY2d 330).
 

 Plaintiff in
 
 Goshen
 
 concedes that he received MONY’s information in Florida. He purchased his policy and paid his premiums in Florida, through a Florida insurance agent. Plainly, for purposes of section 349, any deception took place in Florida, not New York. Out-of-state plaintiffs in
 
 Scott
 
 similarly cannot allege that they were deceived in New York. Thus,'their complaint does not state any cognizable cause of action
 
 (see Leon v Martinez,
 
 84 NY2d 83 [1994]).
 

 As to the New York plaintiffs, however, the allegations are sufficient to withstand a CPLR 3211 (a) (7) challenge. In the context of a CPLR 3211 motion to dismiss, the pleadings are necessarily afforded a liberal construction
 
 (see Leon,
 
 84 NY2d 83;
 
 see also
 
 CPLR 3026). Indeed, we accord plaintiffs “the benefit of every possible favorable inference”
 
 (Leon,
 
 84 NY2d at 87;
 
 see also Rovello v Orofino Realty Co.,
 
 40 NY2d 633, 634 [1976]).
 

 Turning to defendants’ CPLR 3211 (a) (1) motion to dismiss on the ground that the action is barred by documentary evidence, such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiffs factual allegations, conclusively establishing a defense as a matter of law
 
 (see Leon,
 
 84 NY2d at 88). Defendants produced documentation illustrating the 30-day trial period and the contractual terms and conditions, including the product disclaimer. These documents do not, however, bar plaintiffs’ claims for deceptive trade practices at this stage of the proceedings, as they do not establish a defense as a matter of law. Plaintiffs assert that the service they purchased was defective due to malfunctions largely or wholly within defendants’ control. They further assert that defendants knew this to be the case and that defendants’ promotional representations were therefore know
 
 *327
 
 ingly deceptive. As pleaded this is sufficient. Thus, defendants’ motion to dismiss pursuant to CPLR 3211 (a) (1) and (7) was improperly granted as to the New York plaintiffs and their General Business Law §§ 349 and 350 claims should be reinstated.
 

 Accordingly, in
 
 Goshen v Mutual Life Insurance Company of New York,
 
 the order of the Appellate Division, insofar as appealed from, should be affirmed with costs. In
 
 Scott v Bell Atlantic Corporation,
 
 the order of the Appellate Division, insofar as appealed from, should be modified in accordance with this opinion, without costs, and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Wesley, Rosenblatt, Graffeo, Green
 
 [2]
 
 and Ritter2 concur; Judges Smith and Levine taking no part.
 

 In
 
 Goshen v Mutual Life Ins. Co. of N.Y.:
 
 Order, insofar as appealed from, affirmed, with costs.
 

 In
 
 Scott v Bell Atl. Corp.:
 
 Order, insofar as appealed from, modified in accordance with the opinion herein, without costs, and, as so modified, affirmed.
 

 [1]
 

 . General Business Law § 350 provides that “[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.” The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349.
 

 [2]
 

 . Designated pursuant to NY Constitution, article VI, § 2.