■ TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 ADDITIONAL SECURITY BENEFIT FUND, Respondents, v CITY OF NEW YORK, Appellant. [900 NYS2d 312]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered February 23, 2009, which denied defendant City of New York's motion to dismiss the complaint, unanimously affirmed, without costs.

The sole cause of action in the complaint alleges that defendant is contractually liable for interest and liquidated damages for failing to make timely contributions to plaintiffs' trust fund. The agreement between the City and the nonparty union provided that the trust fund, to which the City was required to make pro rata contributions for its covered employees, was to be managed by plaintiffs under the terms of a trust agreement. Plaintiffs allege that the trust agreement, which preexisted the agreement between the City and the union, gave plaintiffs authority to enforce payment of timely contributions and to assess liquidated damages for delayed payments against employers like the City. In the context of a motion to dismiss for failure to state a cause of action, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide a plaintiff the benefit of every

possible inference (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Applying this standard, it cannot be said as a matter of law that the union-City agreement is inconsistent with and does not incorporate by reference the terms of the trust agreement requiring timely contributions and assessing liquidated damages for delayed payments against employers like the defendant. Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30378(U).]**