■ WILLIAM I. KOCH, Respondent, v ACKER, MERRALL & CONDIT COMPANY, Appellant. [901 NYS2d 271]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered April 9, 2009, which, in an action arising out of plaintiff's purchase of allegedly counterfeit wines from defendant wine auctioneer, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiff's causes of action under General Business Law §§ 349 and 350, unanimously reversed, on the law, with costs, the motion granted, and such causes of action dismissed.

The "Conditions of Sale/Purchaser's Agreement" included in each of defendant's auction catalogues contains an "as is" provision alerting prospective purchasers that defendant "makes no express or implied representation, warranty, or guarantee regarding the origin, physical condition, quality, rarity, authenticity, value or estimated value of [the wine]," that any statements made by defendant were "opinion only, and shall not be relied upon by any bidder," and that "[p]rospective bidders must satisfy themselves by inspection or other means as to all considerations pertinent to any decision to place any bid." A reasonable consumer, alerted by these disclaimers, would not have relied, and thus would not have been misled, by defendant's alleged misrepresentations concerning the vintage and provenance of the wine it sells. Accordingly, plaintiff's claims under General Business Law §§ 349 and 350 lack merit (*see* *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002]). Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ.