■ HARBOR VIEW AT PORT WASHINGTON HOME OWNERS ASSOCIATION, INC., Appellant, v AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC., Doing Business as AMSTERDAM AT HARBORSIDE, CCRC, et al., Respondents. NASSAU COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Nonparty. [912 NYS2d 441]—

In an action, inter alia, to determine the parties' rights and obligations pursuant to a Reciprocal Construction Operation and Easement Agreement dated October 5, 1998, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered March 15, 2010, which, among other things, granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), if the documentary evidence submitted by the defendant "utterly refutes [the] plaintiff's factual allegations" and conclusively establishes a defense to the asserted claims as a matter of law, the motion may be granted (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Here, in the complaint, the plaintiff quoted certain provisions of the Reciprocal Construction Operation and Easement Agreement, which the defendants submitted in support of that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1). The plaintiff alleged that the quoted provisions imposed certain restrictions upon a continuing care retirement facility being developed by the defendants on their land. However, the Supreme Court properly concluded that, on their face, the provisions did not impose such restrictions. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Eng, Hall and Lott, JJ., concur.