■ BRIAN T. EGAN et al., Appellants, v TELOMERASE ACTIVATION SCIENCES, INC., et al., Respondents. [8 NYS3d 175]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 17, 2014, which, upon reargument, denied on the merits plaintiffs' motion for class certification, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 5, 2014, which denied plaintiffs' motion for class certification as untimely, unanimously dismissed, without costs, as abandoned and superseded by the appeal from the order granting reargument.

In this action asserting claims under General Business Law § 349, plaintiffs failed to make the required showing for class certification under CPLR 901. In order to state a claim under section 349, the transactions at issue must have occurred in New York (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324-325 [2002]). Because plaintiffs failed to show that any other putative class members made the relevant transactions in New York, they failed to meet the numerosity requirement for class certification (*see* CPLR 901 [a] [1]). Plaintiffs also

failed to show that common issues would predominate (*see* CPLR 901 [a] [2]), because they could not point to any specific advertisement or public pronouncement by defendants seen by all putative class members (*see Solomon v Bell Atl. Corp.*, 9 AD3d 49, 52-53 [1st Dept 2004]). Nor are the claims of the individual plaintiffs typical of those of the putative class (CPLR 901 [a] [3]). Plaintiff Egan never purchased the product, but ingested it at work while employed by defendants. Plaintiff Murray never saw any statement by defendant, but simply purchased a bottle of the product upon the recommendation of a friend (*cf. Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 22 [1st Dept 1991] [the plaintiff's claims were typical since he alleged, as other members would, that he saw the same false and misleading prospectus]). Moreover, the individual plaintiffs are not adequate representatives of the proposed class (CPLR 901 [a] [4]). Egan previously sued defendants for their alleged discrimination, and he is subject to a defamation counterclaim in this action. Murray appears to be involved in this action only because Egan is his friend. This raises questions as to whether they would pursue their own agenda, contrary to the interests of the class (*see Jara v Strong Steel Door, Inc.*, 20 Misc 3d 1135[A], 2008 NY Slip Op 51733[U], *18 [Sup Ct, Kings County 2008]). There is no basis to conclude that a class action is a superior method of proceeding (*see* CPLR 901 [a] [5]), given that none of the other prerequisites under CPLR 901 have been satisfied. Nor is it necessary to consider the factors set forth in CPLR 902 or the viability of plaintiffs' claims. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.