People v Charter Communications, Inc. (2018 NY Slip Op 04644)





People v Charter Communications, Inc.


2018 NY Slip Op 04644


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6929 450318/17

[*1]The People of the State of New York, by Eric T. Schneiderman, Plaintiff-Respondent,
v
Charter Communications, Inc., et al., Defendants-Appellants. 
NCTA - The Internet & Television Association, Consumers Union, and Public Knowledge, Amici Curiae.


Latham & Watkins LLP, Washington, DC, (Matthew A. Brill of the bar of the District of Columbia, admitted pro hac vice of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York (Ester Murdukhayeva of counsel), for respondent.
Mintz Levin Cohn Ferris Glovsky & Opoeo, P.C., New York (Scott A. Rader of counsel), for NCTA - The Internet & Television Association, amicus curiae.
Institute for Public Representation Washington DC (Andrew Jay Schwartzman of counsel), for Consumers Union, amicus curiae.
Allison S. Bohm, Washington, DC (John Bergmayer of counsel), for Public Knowledge, amicus curiae.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 16, 2018, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
This civil enforcement action alleges that in the marketing of broadband Internet service defendants have engaged and continue to engage in fraudulent practices in connection with advertised promises to subscribers about Internet speeds and reliable access to online content. The complaint asserts claims pursuant to Executive Law § 63(12) and General Business Law §§ 349 and 350.
The court correctly rejected defendants' argument that the claims based on allegations of false promises about broadband speeds involve an irreconcilable conflict between federal and state law that requires a finding of preemption. The Federal Communications Commission's "Transparency Rule" requires providers of broadband service to "publicly disclose accurate information regarding the network management practices, performance, and commercial terms of its broadband Internet access services sufficient for consumers to make informed choices regarding use of such services" (47 CFR 8.3). Defendants make official disclosures about broadband speeds (actual speeds measured according to a testing protocol on the modems of consumers deemed representative) in accordance with the federal rule. The complaint alleges that defendants' use of their official disclosures in consumer advertisements is misleading, because other statements in the advertisements give consumers the false impression that the disclosed speeds represent speeds that consumers can expect to experience on their devices, [*2]including wireless devices, consistently (cf. Matter of People v Applied Card, Sys., Inc., 11 NY3d 105 [2008] [rejecting argument that false advertising claim was preempted by federal credit card disclosure requirements], cert denied 555 US 1136 [2009]). The Transparency Rule does not preempt state laws "that prevent fraud, deception and false advertising" (id. at 114).
The court correctly determined that the complaint's allegations about the advertisements' representations of speeds "up to" a certain level state a cause of action (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314 [2002]). Issues of fact exist as to whether defendants delivered the advertised speed levels consistently.
The court correctly declined to dismiss claims based on allegations about network quality and reliability on the ground that some of the language in the advertisements is mere puffery, because other statements in the advertisements are not mere puffery and are actionable (see Bader v Siegel, 238 AD2d 272 [1st Dept 1997]). Since the record does not include the full content of the advertisements cited in the complaint, it would be premature to try to determine which, if any, of the cited advertisements do not support a false advertising claim because they are mere puffery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK