Wentworth v Erie Ins. Co. (2021 NY Slip Op 03704)





Wentworth v Erie Ins. Co.


2021 NY Slip Op 03704


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


373 CA 20-00935

[*1]GEORGE WENTWORTH AND JAYNE WENTWORTH, PLAINTIFFS-APPELLANTS,
v
ERIE INSURANCE COMPANY, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
HURWITZ & FINE, P.C., BUFFALO (MIRNA ELEANOR MARTINEZ OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered July 14, 2020. The order granted the amended motion of defendant Erie Insurance Company to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended motion is denied, and the complaint is reinstated against defendant Erie Insurance Company.
Memorandum: Plaintiffs commenced this action seeking judgment declaring that Erie Insurance Company (defendant) is obligated to defend and indemnify plaintiffs with respect to counterclaims asserted against them in an underlying action. We agree with plaintiffs that Supreme Court erred in granting defendant's amended motion to dismiss the complaint against it based upon documentary evidence (see CPLR 3211 [a] [1]). The documentary evidence submitted by defendant in support of the amended motion " 'failed to resolve all factual issues and conclusively dispose of [plaintiffs' cause of action] as a matter of law' " (Calabro v General Ins. Co. of Am., 23 AD3d 326, 326 [2d Dept 2005]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court