Ostojic v Life Med. Tech., Inc. (2022 NY Slip Op 00275)





Ostojic v Life Med. Tech., Inc.


2022 NY Slip Op 00275


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 653446/20 Appeal No. 15091 Case No. 2020-04696 

[*1]Gordon Ostojic, Plaintiff-Appellant,
v
Life Medical Technologies, Inc., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco LLP, New York (Christopher J. Soverow of counsel), for appellant.
Hantman & Associates, New York (Nyall Cook of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about November 10, 2020, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated.
Plaintiff Gordon Ostojic seeks to enforce an agreement purporting to settle a federal securities fraud action that he and 54 other plaintiffs (together, the SDNY plaintiffs) commenced in the United States Court for the Southern District of New York against defendants Life Medical Technologies, Inc. and its former CEO and president Carol Fitzgerald, both of whom are the defendants in the action underlying this appeal. Eventually, the parties to the federal action agreed to settle. As a result of the parties' agreement, the federal court granted an order of discontinuance dismissing the action without prejudice, stating that if the matter were not settled within 30 days of the order, the parties were obliged to make a letter application within the 30-day period, requesting that the matter be reinstated. Ostojic alleges that although the parties orally agreed upon a final written settlement agreement that settled all material terms, defendants never signed the agreement. Furthermore, Ostojic alleges, because no party requested that the matter be reinstated, the SDNY lost jurisdiction over the matter. Ostojic maintains that although he performed all conditions and promises required of him by the proposed settlement agreement, defendants failed to make the monetary payments owed to him under the agreement.
To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound (Kowalchuk v Stroup, 61 AD3d 118, 121 [1st Dept 2009]; see also Silber v New York Life Ins. Co., 92 AD3d 436, 439 [1st Dept 2012]). Furthermore, the parties' meeting of the minds must include agreement on all essential terms (Kowalchuk, 61 AD3d at 121). While an offer may be revoked at any time before acceptance, a contract is created at the moment that there is acceptance of the offer, and in order for an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous, and unequivocal (id. at 122). Provided there is objective evidence establishing that the parties intended to be bound, an agreement need not be signed to be enforceable, unless the parties have agreed that their contract will not be binding until executed by both sides (id. at 125).
Here, the complaint states a cause of action for breach of contract by alleging that there was an enforceable agreement. The complaint alleges that there was a meeting of the minds between the parties to the federal action regarding the proposed settlement, and also alleges that the parties negotiated and agreed upon all the material terms of the settlement and reduced them to writing (see id. at 121). The documentary evidence does not flatly contradict [*2]those allegations, utterly refute them, or conclusively establish a defense as a matter of law (CPLR 3211[a][1]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see also Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000]). Nor does the evidence conclusively demonstrate any agreement that the parties would not be liable under the written settlement agreement until it had been executed (see Kowalchuk at 125). On the contrary, the documentary evidence, including emails and letters written to the federal court by the parties, can be read to support the allegation that the parties had agreed upon all the material terms of the settlement and intended to execute a contract documenting those material terms.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022