Moreno v AZ Metro Distribs., LLC (2022 NY Slip Op 03380)





Moreno v AZ Metro Distribs., LLC


2022 NY Slip Op 03380


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-10224
 (Index No. 506437/19)

[*1]Leslie Moreno, etc., appellant,
v
AZ Metro Distributors, LLC, respondent.


Abdul K. Hassan Law Group, PLLC, Queens Village, NY, for appellant.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, White Plains, NY (Christopher P. Keenan of counsel), for respondent.



DECISION & ORDER
In a putative class action, inter alia, to recover unpaid overtime wages, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated July 31, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
From August 2016 through March 2019, the plaintiff was employed by the defendant, which operates a beverage distribution business. On or about March 25, 2019, the plaintiff commenced this putative class action seeking, inter alia, to recover unpaid overtime wages. The defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint. By order dated July 31, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
"An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of [the Fair Labor Standards Act of 1938] " (12 NYCRR 142-2.2). Section 13(a)(1) of the Fair Labor Standards Act of 1938 specifically exempts from minimum wage and maximum hour requirements any employee employed in the capacity of an outside salesperson (see 29 USC § 213[a][1]). "In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act of 1938, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate" (12 NYCRR 142-2.2). The Minimum Wage Act defines an "employee" as "any individual employed or permitted to work by an employer in any occupation," but specifically excludes outside salespersons from the definition of "employee" (Labor Law § 651[5]).
Here, in support of its motion, the defendant submitted, inter alia, a "new hire form," [*2]signed by the plaintiff, that set forth her salary as $500 weekly, and a notice, also signed by the plaintiff, notifying her of her salary and rate of commission and that she was "currently exempt from overtime under [the] Outside Sales Exemption." The defendant also submitted the plaintiff's earnings records for August 2016 through March 2019, which reflected earnings consistent with this pay structure. The defendant's documentary evidence conclusively established that the plaintiff was employed as an outside salesperson.
Moreover, although section 142-2.2 of the Administrative Code provides that employees subject to the exemptions of section 13 of the Fair Labor Standards Act of 1938 are entitled to overtime pay at a rate of one and one-half times the basic minimum hourly rate, the Legislature has specifically excluded outside salespersons from the definition of "employee" in the Minimum Wage Act (see Labor Law § 651[5][c]). Thus, contrary to the plaintiff's contention, as an outside salesperson, she was not entitled to overtime pay at a rate of one and one-half times the basic minimum hourly rate (see generally Vergara v Mission Capital Advisors, LLC, 200 AD3d 484).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court