Meadow Apts. Corp. v S & H LLC (2022 NY Slip Op 07158)

Meadow Apts. Corp. v S & H LLC

2022 NY Slip Op 07158

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 653913/20 Appeal No. 16893 Case No. 2021-03720 

[*1]Meadow Apartments Corp., Plaintiff-Appellant-Respondent,
v
S and H LLC, Defendant-Respondent-Appellant.

Boddoohi & Friedlander LLP, New York (Milad Boddoohi of counsel), for appellant-respondent.
Gartner + Bloom, P.C., New York (Michael Hemway of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 15, 2021, which granted defendant's motion to dismiss plaintiff's first, second, and third causes of action, and denied defendant's request for attorneys' fees pursuant to 15 USC § 3611(d), unanimously modified, on the law, to deny the motion to dismiss, and otherwise affirmed, without costs.
Defendant moved to dismiss plaintiff's first, second, and third causes of action pursuant to CPLR 3211(a)(1) and (5), contending that documentary evidence established that those claims were time-barred. The court should have denied the motion. In light of the parties' factual dispute over the assertion of defendant's principal that he sent a letter dated December 8, 1992 to plaintiff's shareholders on that date, and issues as to whether the letter, even if so served, provided notice of a loss of special developer control pursuant to the federal Condominium and Cooperative Abuse Relief Act as required by the offering plan, the letter did not "utterly refute[] plaintiff's factual allegations, conclusively establishing" the statute of limitations defense as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [2019]).
In light of the foregoing, the court properly denied defendant's request for attorneys' fees pursuant to the federal statute, which provides that "[a] defendant may recover reasonable attorneys' fees if the court determines that the cause of action filed by the plaintiff is frivolous, malicious, or lacking in substantial merit" (15 USC § 3611[d]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022