J.A.F. v Roman Catholic Archdiocese of N.Y. (2023 NY Slip Op 02455)

J.A.F. v Roman Catholic Archdiocese of N.Y.

2023 NY Slip Op 02455

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 950398/20 Appeal No. 224 Case No. 2021-04273 

[*1]J.A.F., Plaintiff-Appellant,
v
The Roman Catholic Archdiocese of New York, Defendant-Respondent, Marist Brothers of the Schools, Inc. Doing Business as The Marist Brothers Province of the United States of America et al., Defendants.

Levy Konigsberg LLP, New York (Matthew Shock of counsel), for appellant.
Leahey & Johnson, P.C., New York (Peter James Johnson of counsel), for respondent.

Order, Supreme Court, New York County (George J. Silver, J.), entered October 5, 2021, which granted so much of the motion of defendant The Roman Catholic Archdiocese of New York (the Archdiocese) to dismiss the complaint pursuant to CPLR 3211(a)(1), unanimously reversed, on the law, without costs, and the motion denied.
In consonance with this Court's decision in J.D. v Archdiocese of N.Y ., 214AD3d 216 [1st Dept 2023]), we determine that the documentary evidence submitted by the Archdiocese in support of its CPLR 3211(a)(1) motion to dismiss the complaint against it failed to "utterly refute" the allegations in the complaint that plaintiff's abusers, Marist Brother Timothy Brady and Father Bernard J. Lynch, were agents of the Archdiocese, that the Archdiocese exercised supervision and control over their appointment or employ, and that a special relationship existed between plaintiff, the Archdiocese, and the other defendants (see id. ; see generally Goshen v Mutual Life Ins. Co. of N.Y. , 98 NY2d 314, 326-327 [2002]). For instance, the deed only indicated that the Archdiocese did not legally own the premises where the alleged abuse occurred. The deed did not foreclose the possibility that the alleged abusers were agents of the Archdiocese, or that the Archdiocese had supervisory authority over them. Accordingly, the Archdiocese failed to conclusively establish a defense as a matter of law. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023