Offshore Exploration & Prod., LLC v De Jong Capital, LLC (2024 NY Slip Op 01254)

Offshore Exploration & Prod., LLC v De Jong Capital, LLC

2024 NY Slip Op 01254

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 653659/21 Appeal No. 1810 Case No. 2023-03235 

[*1]Offshore Exploration and Production, LLC, Plaintiff-Appellant-Respondent,
v
De Jong Capital, LLC, Defendant-Respondent-Appellant.

Reitler Kailas & Rosenblatt, LLP, New York (Leo G. Kailas of counsel), and Hanszen Laporte, LLP, Houston, TX (Matthew S. C. Hansel of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant-respondent.
Katsky Korins LLP, New York (Daniel R. Walfish of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered May 31, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the partnership-related claims (the second, third, and fourth causes of action, together, the partnership claims), found that damages for lost profits were not recoverable on plaintiff's claim for fraud, and denied defendant's motion to dismiss the causes of action for fraud and promissory estoppel (the seventh and eighth causes of action), unanimously affirmed, without costs.
Supreme Court correctly applied Texas law and dismissed the partnership claims, each of which were contingent on the existence of an enforceable partnership arrangement or agreement. Under Texas law, parties may agree on conditions that would "preclude the unintentional formation of a partnership" (Energy Transfer Partners, L.P. v Enterprise Prods. Partners, L.P. , 593 SW3d 732, 740 [Tex 2020]). The parties' agreement "not to be partners unless certain conditions are met will ordinarily be conclusive on the issue of partnership formation" (id. at 741).
Here, documentary evidence "utterly refutes" plaintiff's allegations of partnership formation as a matter of law (CPLR 3211(a)(1); Goshen v Mutual Life Ins. Co. of N.Y. , 98 NY2d 314, 326 [2002]). The documents reflect the parties' intention that a definitive, signed agreement was a condition to forming a partnership. For example, the confidentiality agreement's "No Obligation" provision provided that "[u]nless and until a definitive agreement has been executed and delivered by both [p]arties" that neither party had an obligation to the other, including "any obligation to consummate" a sale transaction. Additionally — despite numerous rounds of extensive and substantive revisions — every draft of the unexecuted collaboration agreement provided it would only become effective when all parties had signed it. The parties' explicit indications that the execution of the collaboration agreement was necessary before a partnership was formed supports the court's findings that there was no partnership.
The court also correctly sustained the claims for fraud and promissory estoppel. Under Texas law, the elements of a fraud cause of action are a representation concerning material fact, falsity of that representation, scienter, reliance, and damages (see e.g. JPMorgan Chase Bank, N.A. v Orca Assets G.P., LLC , 546 SW3d 648, 653 [Tex 2018]). Reliance for fraud and promissory estoppel claims must be both actual and reasonable (or justifiable) (id.; see also Grant Thornton LLP v Prospect High Income Fund , 314 SW3d 913, 923 [Tex 2010]).
Plaintiff pleaded claims for fraud and promissory estoppel based on its allegations that defendant intentionally misrepresented that it would "not do this deal" without plaintiff, that it would not "go it alone," that the parties had a "verbal deal," and that plaintiff had "a purchase option no matter what," causing plaintiff, [*2]in reliance, to miss the opportunity to complete the deal itself or to seek an alternative partner. While these statements were not sufficient to establish a partnership, the court correctly found that they were sufficient to allege fraud and promissory estoppel.
The court correctly rejected defendant's arguments that plaintiff failed to sufficiently allege actual and justifiable reliance. Justifiable reliance "usually presents a question of fact," and this case presents no exception (JPMorgan , 546 SW3d at 654). Regardless, the alleged statements were not general or vague statements of hope, but specific representations that defendant would not do the deal without plaintiff. These were sufficient to allege an actionable misrepresentation.
Defendant also faults plaintiff for not specifically alleging that defendant did not actually believe the allegedly false statements. A promise to do an act in the future is not actionable fraud unless the defendants harbored a secret intent not to honor the promise at the time it was made (see e.g. Formosa Plastics Corp. USA v Presidio Engrs. and Contrs., Inc. , 960 SW2d 41, 48 [Tex 1998]). The complaint, however, alleges that defendant made these statements to plaintiff "despite knowing these representations were false." This is sufficient to plead fraudulent intent.
The court correctly limited the direct damages available on plaintiff's fraud claims. Texas law recognizes two measures of direct damages for common-law fraud: the out-of-pocket measure and the benefit-of-the-bargain measure (Zorrilla v Aypco Constr. II, LLC , 469 SW3d 143, 153 [Tex 2015]). As has been explained in the fraudulent inducement context, "if a promise to perform is unenforceable, the benefit-of-the-bargain measure is not available because one can have no compensable expectancy from a bargain that is not binding" (Anderson v Durant , 550 SW3d 605, 614 [Tex 2018]). As there was no enforceable partnership agreement here — whether actual or implied — the court correctly found that benefit-of-the-bargain damages in the form of lost profits were not recoverable as a form of direct damages.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024