123 On the Park LLC v Decicco-Ting (2024 NY Slip Op 24295)

[*1]

123 On the Park LLC v Decicco-Ting

2024 NY Slip Op 24295

Decided on November 17, 2024

Civil Court Of The City Of New York, Kings County

Golden, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 17, 2024
Civil Court of the City of New York, Kings County

123 On the Park LLC, Petitioner-Landlord

against
Olivia Decicco-Ting, Samuel Ting, "John Doe" and "Jane Doe", Respondent-Tenant(s).

Index No. LT-331424-23

Epstein, Schreier, Shapiro LLP
1674 E. 22nd St, 2nd Fl, 
Brooklyn, NY 11229
Attorneys for Petitioner
By: Benjamin Epstein
Himmelstein McConnell Gribben & Joseph, LLP
15 Maiden Lane, Fl 1
New York, NY 10038
Attorneys for Respondent
By: Ronald Languedoc 

Tashanna B. Golden, J.

Recitation as required by CPLR 2219(a), of the papers considered in the review of the Respondent's Motion to Dismiss or for Summary Judgment:
Papers:Numbers
Respondent's Motion, Affirmation in Support, and Exhibits...9-30
Petitioner's Affirmation in Opposition and Exhibits..............31-35
Respondent's Reply .........................................................39-43
Court File .....................................................................Passim
Petitioner filed this instant holdover proceeding on or about October 24, 2023, seeking final judgment and possession of the premises located at 125 Parkside Avenue, Apt 4J Brooklyn, New York 11226, from Respondents, Olivia Decicco-Ting, Samuel Ting, John Doe and Jane Doe. The premises is subject to rent stabilization. Petitioner predicated this failure to sign a renewal lease holdover upon service of a 10-day notice to cure followed by a 10-day notice of termination. On or about June 13, 2024, Respondent by counsel, filed an answer alleging defective predicate notices amongst other claims. On July 10, 2024, the Respondent filed the instant motion to dismiss or in the alternative for Summary Judgment. Petitioner opposes the motion in its entirety.
Motion to Dismiss:
CPLR 3211 (a) (1) permits a party to move for dismissal on the ground that "a defense is founded upon documentary evidence." On a "CPLR 3211 (a) (1) motion to dismiss on the ground that the action is barred by documentary evidence, such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." Goshen v. Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 (2002). Respondent argues that dismissal is warranted here because the Petitioner brought the instant failure to sign a renewal lease holdover, when they did not in fact present the Respondent with a renewal lease that had the proper terms. Specifically, Respondent asserts that the Petitioner unlawfully revoked a preferential rent and only offered the Respondent a lease with the full legal rent in violation of the Housing Stability Tenant Protection Act ("HSTPA"). 
The HSTPA (L. 2019 ch 36 §1, Part E, §2), enacted a few months before Respondents initially rented the subject apartment, Rent Stabilization Law ("RSL") §26-511(c)(14) was amended to provide as follows:
"[f]or any tenant who is subject to lease on or after the effective date of a chapter of the laws of two thousand nineteen which amended this paragraph, or is or was entitled to receive a renewal or vacancy lease on or after such date, upon renewal of such lease, the amount of rent for such housing accommodation that maybe charged and paid shall be no more than the rent charged to and paid by the tenant prior to that renewal, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law." Emphasis added
Rent Stabilization Code §2521.2 (amended 11/8/23) provides as follows, in relevant part:
(a) Where the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation, such rent shall be known as the preferential rent. The amount of rent for such housing accommodation which may be charged upon vacancy thereof may, at the option of the owner, be based upon either such preferential rent or an amount not more than the previously established legal regulated rent, as adjusted by the most recent applicable guidelines increases and other increases authorized by law. ...
(b) Any tenant who is subject to a lease in effect on or after June 14, 2019, or is or was entitled to receive a renewal or vacancy lease on or after such date, upon renewal of such lease, [*2]the amount of rent for such housing accommodation that maybe charged and paid shall be no more than the rent charged to and paid by the tenant prior to that renewal, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law.
The DHCR issued Fact Sheet #40 (last revised 05/2024), "Preferential Rents," which provides as follows, in relevant part:
"A preferential rent is a rent an owner agrees to charge that is lower than the legal regulated rent they could lawfully collect. The Housing Stability and Tenant Protection Act (HSTPA) of 2019 establishes that tenants paying a preferential rent on or after June 14, 2019 will retain it as long as they continue to rent the property....Rent Guidelines Board increases and other increases allowed by the Rent Stabilization Law or Emergency Tenant Protection Act are to be applied to the preferential rent..." Emphasis added.
Based on the foregoing, if a tenant receives a preferential rent, any subsequent increases must be based on the amount of the preferential rent, not the legal regulated rent. 
The following facts are undisputed: Respondent's moved into the subject premises pursuant to an initial lease wherein the full legal regulated rent was $3,501.22 per month. The initial lease included a "Rent Credit Rider" which stated that Respondents were granted three one-time "rent credits" in the amounts of the $313.85, $5,414.64, and $5,414.64. The Parties agreed that the Respondents would pay $3,050.00 per month, every month for the term of the lease. This amount was the amount due over a 12-month period once the "credits" were deducted. After the initial lease expired, the parties entered into a new agreement wherein Petitioner offered, and Respondents agreed upon a "net effective rent" of $3,000.00 per month the term of one year beginning October 1, 2021.
Petitioner and Respondent disagree as to whether the foregoing created a preferential rent. In support of Respondent's argument that the rent concession was in fact a preferential rent, they submit the initial lease, the renewal lease, and several email exchanges between the parties wherein there is a discussion of the rental amount and how it is calculated, including discussions of concessions.[FN1]
Petitioner's argue that the "rent credits" do not amount to a preferential rent and point to their internal accounting system which never accounted for the credits as a preferential rent and instead only credited "one-time concessions." Petitioner does not dispute, however, that the rent paid each month for the initial lease term and the subsequent renewal was the "net effective rent", specifically $3,050.00 per month from October 1, 2019-September 30, 2021, and $3,000.00 from October 1, 2021-September 30, 2022.[FN2]
Petitioner does not cite any case law which gives any weight to Petitioner's internal accounting system to determine the question of determining whether a preferential rent is in effect. Petitioner does cite to former DHCR Fact Sheet #40. Former DHCR Fact Sheet #40 has a section for "Concessions" which states:
There are two types of rent concessions. One is a concession for specific months, as for example, where the lease provides that the tenant will not have to pay rent for one month or more specified months during the lease term. This type of concession is not considered a preferential rent. The other type is a pro-rated concession as a concession where the dollar value [*3]of the rent-free month(s) is prorated over the entire term of the lease and not tied to a specific month or months. A prorated concession is really the same as a preferential rent and will be treated in the same manner. [FN3]
Emphasis added.
In its Affirmation in Opposition, Petitioner states explicitly that the "pro-rated concession" is "EXACTLY" what has been demonstrated in the case at bar. [FN4]
 Petitioner then attempts to analogize this case to Burrows v. 75-25 153rd St. LLC, 215 AD3d 105, 116 (1st Dept 2023). The analysis is inopposite as the concession in Burrows was for two rent free months and therefore the first category as described in former DHCR Fact Sheet #40, not the second category. Again, there is no dispute that the Respondent paid the same amount per month throughout the term of the tenancy. Whether or not the Petitioner credited the concessions in 3 entries is not the point. There was never a time where the Respondent did not have to pay the rent due to the concession, nor was the concession based on lack of services or repairs so the Court agrees with the Petitioner, that this case falls squarely into the second category of concessions which by the plain language requires that the concession shall be considered a preferential rent and shall be treated in the same manner. The Court also notes that the revised Fact Sheet #4 has removed any discussion of "concessions" presumably in response to the holding in Burrows. Nonetheless, as stated, the Court finds that this concession falls within the second category of concessions in former Fact Sheet #40.
Even if the Court were to be persuaded by Petitioner's argument that the language of the lease rider control, "the lease rider must be read in light of the circumstances existing at its making." Bascom v. 1875 Atlantic, LLC, 227 AD3d 767, 768 (2d. Dep't 2024). Based on the documentary evidence presented, it is clear that the concessions amount to a preferential rent, "[s]imply calling it a concession does not transform it into a permissible activity under the applicable statutory scheme." Chernett v. Spruce 1209, LLC, 2021 NY Slip Op 31064[U], *4 (Sup. Ct, NY County 2021) (Arlene P. Bluth, J). See also Tomlex Realty LLC v. Jeffrey S. Moore, 2024 NY Slip Op 24248 (Civ. Kings) (J. Jimenez) (finding that a rent credit given for the duration of the lease was a preferential rent and the Petitioner's attempt to categorize it as a concession was merely "semantics" to avoid the legislative intent.)
As the Court finds that the concession is the legal equivalent of a preferential rent Respondent's motion to dismiss is granted. 
The foregoing is the Decision/Order of this court.
Brooklyn, New York
November 17, 2024
SO ORDERED
HON. TASHANNA B. GOLDEN
JUDGE, HOUSING COURT

Footnotes

Footnote 1:See NYSCEF Documents 16-22. 

Footnote 2:Petitioner alleges that the Respondent has failed to pay rent at points throughout the tenancy, which Respondent disputes. There is no dispute that the amount to be paid per month is as stated above.

Footnote 3:See NYSCEF Document 41, Former DHCR Fact Sheet #40

Footnote 4:See NYSCEF Document 31 at ¶ 13, Petitioner's Affidavit in Opposition