Scott & Scott Attorneys at Law LLP v Robins Kaplan LLP (2026 NY Slip Op 01417)

Scott & Scott Attorneys at Law LLP v Robins Kaplan LLP

2026 NY Slip Op 01417

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 655731/24|Appeal No. 6074|Case No. 2025-01700|

[*1]Scott & Scott Attorneys At Law LLP, Plaintiff-Appellant,
vRobins Kaplan LLP, Defendant-Respondent.

Pullman & Comley, LLC, White Plains (James T. Shearin of counsel), for appellant.
Robins Kaplan LLP, New York (David Marder of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about March 11, 2025, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings consistent with this decision.
This action arises out of a fee-sharing dispute between law firms that served as co-counsel in two class action suits, one commenced in the Eastern District of New York (the Interchange litigation) and the other commenced in the District of Massachusetts (the Private Equity Litigation). In 2015, plaintiff and defendant executed a fee-sharing agreement which provided that each would render payment to the other to ensure that each received a threshold fee for each case if and when counsel fees were distributed. The agreement contained a provision stating that defendant was to have no fee obligation owing to plaintiff if the "final settlement [in the Interchange litigation]. . . is overturned or modified on appeal." At the time the parties entered into the agreement, the Eastern District had approved a 2012 settlement in the Interchange litigation, and the appeal was pending before the Second Circuit. The Second Circuit vacated the 2012 award, reversed the Eastern District's approval of the then-existing settlement, and remanded the case back to the Eastern District on the grounds that the then-appointed class counsel could not represent both those class members receiving monetary relief and those receiving injunctive relief. On remand, counsel reached a settlement, which was eventually appealed. Ultimately the Second Circuit approved the settlement agreement and awarded attorneys fees, though the award was $21.5 million less than what was awarded in the 2012 settlement.
Defendant demanded that plaintiff pay it a fee, consistent with the terms of the parties' 2015 fee sharing agreement. Plaintiff refused to do so, taking the position that its obligation was extinguished in 2016, when the Second Circuit vacated the 2012 award and remanded the matter back to the District court. For its part, defendant took the position that the terms of the fee agreement trigger plaintiff's obligation to pay defendant in connection with the later settlement, approved by the Eastern District in 2019 and affirmed by the Second Circuit in 2023. Defendants did concede however, that at a minimum the agreement was ambiguous. Supreme Court should not have granted defendant's motion to dismiss, as each party offered a reasonable construction of the parties' fee-sharing agreement and the documentary evidence therefore did not "conclusively refute" the allegations in the complaint (see CPLR 3211[a][1]; Goshen v Mut. Life Ins. Co. of New York, 98 NY2d 314, 326 [2002]; Eaglehill Genpar LLC v FPCG, LLC, 188 AD3d 527, 529 [1st Dept 2020]). On the contrary, the 2015 fee-sharing agreement (drafted by the parties, both of whom are sophisticated class action counsel) is ambiguous, as it is reasonably susceptible of more than one meaning (see Telerep, LLC v U.S. Intern. Media, LLC, 74 AD3d 401, 402-403 [1st Dept 2010]).
In particular, the paragraph in the agreement that extinguishes defendant's obligation to pay plaintiff if "the final settlement" in the Interchange litigation was overturned or modified on appeal does not identify a particular settlement by date or name, nor does it explicitly define "final settlement." Without such specificity, "final" is reasonably susceptible to a temporal reading — that is, it may refer to the settlement that definitively resolves the litigation, rather than an interim settlement still subject to appellate review. Thus, the phrase "the final settlement" might refer either to the 2012 settlement, which was approved by the Eastern District but later vacated by the Second Circuit (as defendant contends), or to the later settlement, which was approved by the Eastern District in 2019 and ultimately affirmed by the Second Circuit in 2023 (as plaintiff contends). As a result, interpretation of the agreement requires factual development — including, if necessary, extrinsic evidence — rendering the matter inappropriate for disposal on a motion to dismiss (see Greenfield v Philles Records, Inc., 98 NY2d 562, 569 [2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026