75 Cohoes Realty Assoc., LLC v Machnick Bldrs., Ltd.
2026 NY Slip Op 03415
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

75 Cohoes Realty Associates, LLC, et al., appellants,
v
Machnick Builders, Ltd., respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-12611, (Index No. 602050/24)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Alan H. Krystal, P.C., Nesconset, NY, for appellants.
Kennedys Law LLP, New York, NY (Nitin Sain of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of warranty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered September 24, 2024. The order granted the motion of the defendant Machnick Builders, Ltd., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and, in effect, denied the plaintiffs' cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs, which own adjoining real properties located on Cohoes Avenue in Green Island (hereinafter together the properties), commenced this action against the defendant Machnick Builders, Ltd. (hereinafter the defendant), and another defendant, inter alia, to recover damages for breach of warranty, alleging that the defendant breached warranties covering its installation of roofs on the buildings located on the properties.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiffs cross-moved for leave to amend the complaint to allege a cause of action sounding in negligence against the defendant. In an order entered September 24, 2024, the Supreme Court granted the defendant's motion and, in effect, denied the plaintiffs' cross-motion. The plaintiffs appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 965-966). Here, in support of its motion, the defendant submitted the subject warranties, which were executed by Green Island Properties, LLC (hereinafter Green Island), as owner of the properties, and the defendant. The warranties unambiguously provided that they were tendered for the sole benefit of the original owner of the properties and were not transferable or assignable. The defendant also submitted deeds demonstrating that the properties were transferred by Green Island to the respective plaintiffs some years after the warranties were executed. This evidence utterly refuted the factual allegations in the complaint and conclusively [*2]established a defense to the plaintiffs' causes of action to recover under the warranties, as a matter of law (see K.M. v Ursuline Sch. of New Rochelle, 241 AD3d 673, 675; Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d at 966). An affirmation submitted by the plaintiffs in opposition, claiming that the plaintiffs were "in effect [the] original owners" because the buildings were constructed "at [their] behest," was insufficient to defeat the defendant's showing based on the warranties and deeds.
Furthermore, the Supreme Court did not improvidently exercise its discretion by, in effect, denying the plaintiffs' cross-motion for leave to amend the complaint to allege a cause of action sounding in negligence, as the proposed cause of action was palpably insufficient and patently devoid of merit (see Kitt v Incorporated Vil. of Babylon, 242 AD3d 850, 854; Wagschal v Ecconergy, 241 AD3d 597, 599).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court