| |
|---|
| **Hersko v Hersko** |
| 2024 NY Slip Op 30034(U) |
| January 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 510092/2021 |
| Judge: Robin K. Sheares |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
**Barry Hersko,**

                            Plaintiff(s),

      - against -

**Denissi Hersko, et al.,**

                        Defendant(s).
--------------------------------------------------------------------X

Index No. 510092/2021

**DECISION/ORDER**

*Motion Sequence No. 02*

**Recitation, as required by CPLR §2219(a), of the papers considered in the review of this Motion:**

| Papers | NYSCEF Document No: |
|---|---|
| *Sequence # 02* | |
| Order to Show Cause/Notice of Motion and | |
|   Affidavits/Affirmations Annexed | 33 – 35: 42 |
|       Exhibits | 36 - 41 |
| Opposition | 46 - 47 |
|       Exhibits | 48 |
| Stipulation Cancelling the Notice | |
| of Pendency | 50 - 51 |
| Reply | 54 |

Defendants' move pursuant to CPLR §3211 (a)(1), (5) and (f) to dismiss the Amended complaint dated November 28, 2021; pursuant to CPLR §6501 and §6514 (b) & (c), and to cancel and discharge of record the Notices of Pendency encumbering the following properties:

[i] 1322 59th Street, [1322 59th Street], Brooklyn, NY – Block 5712 Lot 9;

[ii] 1639 59th Street [1639 59th Street], Brooklyn, NY – Block 5503 Lot 71;[1]

[iii] 1368 58th Street [1368 58th Street], Brooklyn, NY – Block 5705, Lot 63; and

[Lv] 5023 15th Avenue, Unit 4 [5023 15th Avenue] Brooklyn, NY – Block 5458, Lot 1108;

Defendants also seek attorneys' fees. Plaintiffs oppose.

Defendants' main assertions are that this matter should be dismissed, pursuant to CPLR §3211(a)(5), as Defendants did not engage in fraud and that the statute of limitations for fraud has expired. In its opposition, Plaintiffs raise the question of when a justiceable controversy arose in this

---

[1] By stipulation dated April 20, 2022, the plaintiffs and all appearing defendants agreed to vacate, cancel, discharge the Notice of Pendency on 1639 59th Street and 5023 15th Avenue.

matter. Only until the question of when a justiceable controversy arose is determined, can a determination as the statute of limitations and the statute of frauds be made. Therefore, as to the allegations of fraud and statute of limitations, the Court finds that Plaintiffs' opposition raises a question of fact which cannot be determined on a motion to dismiss.

Furthermore, Defendants assert that this matter should be dismissed, pursuant to CPLR §3211(a)(1), as the "defense is founded upon documentary evidence,". A motion made pursuant to CPLR §3211(a)(1) must by documentary evidence "utterly refute" the plaintiffs' allegations and established a defense as a matter of law. *Goshen v Mut. Life Ins. Co.*, 98 NY2d 314 [2002]. In this case involving family affairs, documentary evidence simply cannot determine whether a cause of action exist in the amended complaint when it is the evidence itself that has brought about the cause of action. Therefore, the Court will not dismiss this action pursuant to CPLR §3211(a)(1).

In reviewing the Amended Complaint, the general rule in New York State is that pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced CPLR §3206. A motion pursuant to CPLR §3211 (a)(7) for failure to state a cause of action, like that of CPLR §3211(a)(1) is generally not granted due to the rule of liberal construction of the pleadings. *People v Coventry First LLC*, 13 NY3d 108 [2009] (Breach of Fiduciary Duty), *Simkin v. Blank*, 19 NY3d 46 [2012].

In regards to the individual causes of action, the Court makes the following determinations:

### First Cause of Action
### Declaratory Judgment against Denissi Hersko – HFR Membership

The First cause of Action is NOT stricken. The Court finds that whether Denissi Hersko holds a *bona fide* membership interest in HFR and/or whether that membership interest should be void is sufficiently pleaded.

2

## Second Cause of Action

### Declaratory Judgement against Denissi Hersk – Forged Deed

The Second Cause of Action is NOT stricken. The Court finds that it is a question of fact as to whether Defendant Denissi forged the deed. Furthermore, the time in which a party may commence an action for fraud "shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." CPLR§213(8). The Court finds that it is a question of fact as to when Plaintiff discovered the alleged fraud; when Defendant Denissi repudiated on her promise or prior to that time.

## Third Cause of Action

### RPAPL Article 15 to Cancel Deed as to 1322 59th Street – Against Denissi

The Third Cause of Action is NOT stricken. The Court finds that whether the deed was fraudulent, whether the transfer of said deed unauthorized, and whether Defendant Denissi gained title to the premises located at 1322 59th Street fraudulently is a question of fact. Again, the Court notes that the determination of when the applicable statute of limitations is a question of fact.

## Fourth Cause of Action

### Constructive Trust as to 1322 59th Street – Against Denissi

The fourth cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether a constructive trust exists.

## Fifth Cause of Action

### Unjust Enrichment against Denissi as to 1322 59th Street

The Fifth Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether or not Defendant Denissi was unjustly enriched.

## Sixth Cause of Action

### Breach of Contract against Denissi, Malky, and Yidi re: 1322 59th Street

The Sixth Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether there was a contract and whether there was a breach of said contract.

3

[* 3]

## Seventh Cause of Action

### Breach of Fiduciary Duty against Denissi re: 1322 59th Street

The Seventh Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether there was a fiduciary duty and whether there was a breach of that duty.

## Eighth Cause of Action

### RPAPL Article 15 to Cancel Deed against Denissi and toby re: 1368 58th Street

The Eighth cause of Action is NOT stricken. The Court finds that whether the deed was fraudulent, whether the transfer of said deed was unauthorized, and whether Defendants Denissi and Toby gained title to the premises located at 1368 58th Street fraudulently is a question of fact. Again, the Court notes that the determination of when the applicable statute of limitations began to run is a question of fact.

## Ninth Cause of Action
### Constructive Trust against Denssi and Toby re: 1368 58th Street

The Ninth Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether a constructive trust exists.

## Tenth Cause of Action

### Breach of Fiduciary Duty against of Denissi re: 1368 58th Street

The Tenth Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether there was a fiduciary duty and as to whether Defendant Denissi breached that duty.

## Eleventh Cause of Action

### Unjust Enrichment against Denissi and Toby re: 1638 58th Street

The Eleventh Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether Defendants Denissi and Toby were unjustly enriched.

## Twelfth Cause of Action
### Breach of Contract against Lefkowitz re: the Condo

The Twelfth Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether there was a breach of contract.

4

[* 4]

**Thirteenth Cause of Action**
**Breach of Contract against Rivky re: the Condo**

The Thirteenth Cause of Action is NOT stricken. The Court finds that there is a question of fact as to whether there was a contract and whether there was a breach of said contract.

**Fourteenth Cause of Action**
**Declaratory Judgement against MEHE and Denissi**

The fourteenth Cause of Action is NOT stricken. The Court finds that there is a question of fact regarding MEHE relevancy to this matter and concerning MEHE membership.

Furthermore, based on the papers submitted, and after oral arguments, Defendant's contention that plaintiffs have not commence or prosecuted this action in good faith pursuant to CPLR §6514(b) absolutely cannot be determined at this time. The Court finds that it is a question of fact as to whether or not Plaintiff commenced or prosecuted this action in good faith. Therefore, the court will not direct the clerk to cancel the notices of pendency on the properties 1322 59th Street and 1368 58th Street.

Since the court is not cancelling the notices of pendency, costs and expense pursuant to CPLR §6514(c) are denied at this time.

Therefore, based on the above, Defendants' motion to dismiss the Amended Complaint is DENIED. The Court finds that all fourteen (14) of Plaintiffs' causes of action are sufficiently pleaded, the Notices of Pendency ARE NOT vacated, and the application for attorney fees and costs is DENIED.

This constitutes the Decision/Order of the Court.

Dated: January 4, 2024

ENTER:

_____
Hon. Robin K. Sheares, J.S.C.

For clerks use only
MG___
MD _✓
Motion Seq. # 02

5

[* 5]