**Board of Mgrs. of the 15 Union Sq. W. Condominium v BCRE 15 Union Sq. W. LLC**

2024 NY Slip Op 31330(U)

April 16, 2024

Supreme Court, New York County

Docket Number: Index No. 162500/2015

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   __HON. LYLE E. FRANK__                   PART   11M

*Justice*

-----------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 15 UNION SQUARE
WEST CONDOMINIUM,

                              Plaintiff,

              - v -

BCRE 15 UNION SQUARE WEST LLC,MOSHE AZOGUI,
ISSAC HERA, BCRE 15 USW HOLDINGS LLC,BCRE 15
USW SECOND LLC,BCRE 15 USW CORP, BCRE
SERVICES LLC,BCS USA LLC,BRACK CAPITAL REAL
ESTATE USA CORP,

                              Defendant.

-----------------------------------------------------------------------------X

BCRE 15 UNION SQUARE WEST LLC, MOSHE AZOGUI,
ISSAC HERA, BCRE 15 USW HOLDINGS LLC, BCRE 15
USW SECOND LLC, BCRE 15 USW CORP, BCRE SERVICES
LLC, BCS USA LLC, BRACK CAPITAL REAL ESTATE USA
CORP

                              Plaintiff,

                 -against-

CARDRONA, INC., J&R GLASSWORKS, INC., RCI
PLUMBING, CPN MECHANICAL, INC., L.E.A. ELECTRIC
CORP., LIGHTING MANAGEMENT, INC., SAINT-GOBAIN
GLASS EXPROVER NORTH AMERCA CORP. N/K/A SAINT-
GOBAIN GLASS CORPORATION, ALLIED METAL
ENTERPRISES, INC., BLUE JAY CONSTRUCTION, INC., A
EAGLES, INC., DIRECTOR DOOR INDUSTRIES, LTD.,
PERKINS EASTMAN ARCHITECTS, P.C., GEIGER
ENGINEERING, MARINO, GERAZOUNIS & JAFFE
ASSOCIATES, INC. A/K/A MG ENGINEERING, GILSANZ
MURRAY STEFICEK, LLP, VICENTE WOLF ASSOCIATES,
ODA ARCHITECTURE, ROBERT GERMAN, P.E., ENDLESS
POOLS, NY LOFT KITCHENS & HOME INTERIORS,
SPECIAL TREATMENT GC CORP., HI-I, LLC, SPRAY TECH
CORPORATION, LONG ISLAND SWIMMING POOL
SERVICE, JOMAR MECHANICAL, MIRAGE CONTRACTING
CORP., NEW LINE STONE CO., INC., MC CONSTRUCTION
CONSULTING, INC., CABRERA CONSTRUCTION,
VANGUARD CONSTRUCTION SERVICES, JOHN DOES 1-
10, ABC CORPORATIONS 1-10

INDEX NO.          162500/2015

MOTION DATE      11/16/2023

MOTION SEQ. NO.          008

## DECISION + ORDER ON MOTION

Third-Party
Index No.  595428/2023

---

**162500/2015   BOARD OF MANAGERS OF THE 15 vs. BCRE 15 UNION SQUARE WEST LLC**
**Motion No.  008**

Page 1 of 7

Defendant.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 261, 262, 263, 264, 265, 266, 267, 268, 269, 278, 281, 282, 283, 284, 285, 286, 287, 296, 340

were read on this motion to/for                    DISMISS                   .

Background

The underlying action arises from the renovation of a luxury condominium. In 2015, Board of Managers of the 15 Union Square West Condominium ("15 Union Square West") filed suit against BCRE 15 Union Square West LLC ("BCRE"), among other defendants. In 2023, BCRE commenced this Third-party action against several defendants including Perkins Eastman Architects P.C. ("Perkins Eastman") for breach of contract, professional negligence, and contractual indemnification. Perkins Eastman now moves to dismiss BCRE's amended complaint pursuant to CPLR 3211(a)(1) and (a)(7). BCRE opposes.

Standard of Review

On a motion to dismiss the court "merely examines the adequacy of the pleadings." The Court must "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 N.Y.3d 262, 268 (2014) (internal citations omitted).

Under CPLR 3211 (a)(1), a dismissal is warranted only if the documentary evidence submitted *conclusively* establishes a defense to the asserted claims as a matter of law. *Leon v. Martinez*, 84 N.Y.2d 83, 88 (1994) (emphasis added). "[S]uch motion may be appropriately granted only where the documentary evidence *utterly refutes* plaintiff's factual allegations."

**162500/2015 BOARD OF MANAGERS OF THE 15 vs. BCRE 15 UNION SQUARE WEST LLC**      **Page 2 of 7**
**Motion No. 008**

2 of 7

*Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 326 (2002) (emphasis added). A paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is "unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable". *VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 A.D.3d 189, 193 (1st Dept. 2019). "[T]he documentary evidence, i.e., the *affidavits* and *emails* of North Shore and Inter-Reco personnel, do not qualify as 'documentary evidence" for purposes of CPLR 3211 (a) (1)." *United States Fire Ins. Co. v. North Shore Risk Mgt.*, 114 A.D.3d 408, 409 (1st Dept. 2014)

"In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" *Leon v. Martinez,* 84 N.Y.2d 83, 88. "What the Court of Appeals has consistently said is that evidence in an affidavit used by a defendant to attack the sufficiency of a pleading "will *seldom* if ever warrant the relief [the defendant] seeks unless [such evidence] establish[es] *conclusively* that plaintiff has no cause of action". *Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 A.D.3d 128, 134 [1st Dept. 2014] (emphasis added). "[T]he Court of Appeals has made clear that a defendant *can submit evidence* in support of the motion attacking a well-pleaded cognizable claim." *Id*.

Discussion

I.     Breach of Contract

Perkins Eastman moves to dismiss BCRE's breach of contract claim on the basis that it is time barred under the parties' contract. Perkins Eastman asserts that as the Temporary Certificate

**162500/2015   BOARD OF MANAGERS OF THE 15 vs. BCRE 15 UNION SQUARE WEST LLC**       **Page 3 of 7**
**Motion No.  008**

3 of 7

of Occupancy was issued on December 9, 2008, the latest BCRE could bring suit under New York's applicable statute of limitations was December 9, 2011.

In relevant part, the parties' architectural services agreement between the parties provides,

§ 2. 9. 1 .10 **All legal causes of action between the parties to this Agreement shall accrue and any applicable statute of repose or limitation shall begin to run not later than the date of Substantial Completion. If the act or failure to act complained of occurs after the date of Substantial Completion, then the date of final completion shall be used but in no event shall any statute of repose or limitation begin to run any later than the date on which the Architect's services are completed or terminated.**

§ 1.5.9 If the services covered by this Agreement have not been completed within sixteen 16 months of the date of Substantial Completion, through no fault of the Architect, extension of the Architect's services beyond thot time shall be compensated as provided in Section 1.5 .2. **The date of Substantial Completion shall be the date upon which a Temporary Certificate of Occupancy is issued by the construction code enforcement agency having jurisdiction over the Project.**

The Court finds that pursuant to the parties' contract, BCRE's breach of contract claim against Perkins Eastman is untimely. To the extent that BCRE's breach of contract claim is based on acts or non-acts which are alleged to have occurred prior to or on the date the Temporary Certificate of Occupancy was issued, those claims are time barred pursuant to Sections 2.9.1.10 and Section 1.5.9 of the contract. The applicable statute of limitations here is three years. CPLR 214(6). The Temporary Certificate of Occupancy was issued on December 9, 2008. As such, BCRE would have had to file suit by December 9, 2011. However, to the extent that any of plaintiff's allegations accrued after the Temporary Certificate of Occupancy, the parties' contract states the latest the statute of limitations could accrue would be the date Perkins Eastman completed its services. Here, Perkins Eastman stopped working on the project in October of 2011. As such, pursuant to the contract, the latest date BCRE could have filed suit for its breach of contract claim was October 2014. As BCRE filed suit May 11, 2023, the suit is untimely.

**162500/2015   BOARD OF MANAGERS OF THE 15 vs. BCRE 15 UNION SQUARE WEST LLC**          **Page 4 of 7**
**Motion No.  008**

4 of 7

[* 4]

In opposition, BCRE calculates the accrual date for the purposes of the statute of limitations should be July 18, 2019, the final completion date. While the Court agrees with Perkins Eastman that the latest accrual date for the statute of limitations is when Perkins Eastman ceased its work on the project, even arguendo if the accrual date is July 18, 2019, the suit is still untimely. BCRE contends that due to the 228-day extension granted by Governor Cuomo combined with its filing of notice of claim tolled the statute of limitations for a total of 348 days, thus its complaint timely. Here, the Court finds that CPLR 214, which tolls the state of limitations when filing a notice of claim, is inapplicable in the present case. CPLR 214 concerns claims for personal injury, wrongful death or property damage, or a third-party claim arising out of personal injury. As such, CPLR 214 is inapplicable to BCRE's third party breach of contract claim. As such, even applying the 228-day extension by Governor Cuomo, the latest BCRE had to file its complaint was March 5, 2023. Therefore, for the reasons set forth above, BCRE's breach of contract claim is dismissed as untimely.

## II.    Professional Negligence

Next, Perkins Eastman contends BCRE's professional negligence claim must be dismissed on the grounds that it is duplicative of the breach of contract claim. Perkins Eastman argues BCRE has failed to allege any duty independent of the contract has been violated. In opposition, BCRE argues that under New York law, an architect has legal duties independent of its contract and the damages are not necessarily duplicative, therefore it has a basis to plead a separate cause of action. Moreover, BCRE argues that its professional negligence claims are based on allegations that Perkins Eastman's work contained architectural deficiencies that arise from national or local policy, rather than specific provisions of the contract.

**162500/2015   BOARD OF MANAGERS OF THE 15 vs. BCRE 15 UNION SQUARE WEST LLC**                    **Page 5 of 7**
**Motion No.  008**

5 of 7

Here, the Court finds BCRE's professional negligence claim duplicative of its breach of contract claim, therefore warranting dismissal. New York Courts have consistently recognized breach of contract claims are not to be considered a tort unless a legal duty independent of the contract itself has been violated. See *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 (1987).

In certain circumstances, New York Courts have imposed an independent duty based on the nature of the services performed and the defendant's relationship with its customer. This duty may be found where the defendant performs a service affected with a significant public interest and where the failure to perform the service carefully and competently can have catastrophic consequences. *Dormitory Auth. of the State of N.Y. v Samson Constr. Co.*, 30 N.Y.3d 704 (2018). However, absent this heightened element, where plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory. *Id*. Here the Court finds BCRE's professional negligence claim fails to comport with the limited circumstances where in the Court will impose a separate duty outside of the parties' contract. As plead, BCRE's professional negligence claim is duplicative of its breach of contract claim and is therefore dismissed.

III.    Contractual Indemnification

Finally, Perkins Eastman moves to dismiss BCRE's contractual indemnification claim. In opposition, BCRE contends that Perkins Eastman's position that the accrual clause is applicable to indemnification claims that exist because of a third party asserting a claim, creates a period of limitation for such claims, that is unreasonably short, and in many cases, simply non-existent.

The Court finds this argument unavailing. While BCRE may be correct that the contract provisions create a likelihood that most indemnification claims will be time barred, New York Courts have repeatedly held that when sophisticated parties enter into a contract, the contract

162500/2015   BOARD OF MANAGERS OF THE 15 vs. BCRE 15 UNION SQUARE WEST LLC          Page 6 of 7
Motion No.  008

6 of 7

should be enforced according to its terms. *301 E. 60th St. LLC v. Competitive Solutions LLC*, 217 A.D.3d 79 (2023); see also *Matter of Part 60 Put-Back Litig., 36 N.Y.3d 342* (2020). Here the Court finds that both parties to the contract are sophisticated and the contract terms are clear and unambiguous. As such, the Court finds pursuant to the explicit terms of the contract, BCRE's contractual indemnification claims are time barred for the same reason its breach of contract claim is untimely.

Accordingly, it is hereby

ADJUGED that Perkins Eastman's motion to dismiss is granted; and it is further

ORDERED that the Clerk enter judgment accordingly.

20240416131050LFRANK0D5B470D0C7B49539E08E5C0699F490D

| **4/16/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |