| Board of Mgrs. of the Philip House Condominium v 141 E. 88th St., LLC |
|:---:|
| 2024 NY Slip Op 32176(U) |
| June 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153289/2019 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART **11M** |
| *Justice* | |

------------------------------------------------------------------------X

THE BOARD OF MANAGERS OF THE PHILIP HOUSE
CONDOMINIUM, ON BEHALF OF ITS INDIVIDUAL UNIT
OWNERS,

Plaintiff,

- v -

141 EAST 88TH STREET, LLC,THE CHESHIRE GROUP,
L.L.C., SUSAN HEWITT, JENNIFER STEIG, JOHN DOES,
JOHN DOE CORPORATIONS,

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153289/2019 |
| **MOTION DATE** | 12/08/2023 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

141 EAST 88TH STREET, LLC, THE CHESHIRE GROUP,
L.L.C., SUSAN HEWITT, JENNIFER STEIG

Plaintiff,

-against-

TEKTON BUILDERS, LLC, EDWARDS & ZUCK, P.C., ARCT
ARCHITECTURE, P.C., STERLING PROJECT
DEVELOPMENT GROUP, LLC, METAL AND GLASS
SOLUTIONS

Defendant.

------------------------------------------------------------------------X

Third-Party
Index No. 595567/2020

141 EAST 88TH STREET, LLC, THE CHESHIRE GROUP,
L.L.C.

Plaintiff,

-against-

RETCON MECHANICAL CORP., CENTRIA, GALAXY METAL
PRODUCTS, SUPER STUD BUILDING PRODUCTS, INC.,
TRI-STATE FIREPROOFING INC., DOMANI INSPECTION
SERVICES, INC., GALICIA CONTRACTING & RESTORATION
CORP., LUKE LICALZI P.E., P.C., FIRST SERVICE
RESIDENTIAL, RICHTER & RATNER CONTRACTING
CORP., FORT-CICA ROOFING SHEETMETAL
WATERPROOFING, COD MECHANICAL CORP., SUPERIOR
CONCRETE & MASONRY CORP., ROBERT SILMAN

Second Third-Party
Index No. 595220/2022

ASSOCIATES

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 373, 374, 375, 376, 377, 378, 400, 433, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 466, 471, 472, 477, 479, 480, 486, 487

were read on this motion to/for                                                   DISMISS                                                   .

This action arises out of alleged breach of contract and violations of the Debt and Creditor Law pursuant to an offering plan and contract between the parties.

Defendants, 141 East 88th Street LLC and The Cheshire Group LLC now move to dismiss plaintiff's second and third causes of action pursuant to CPLR § 3211(a)(1), (7). Plaintiff opposes the motion and cross-moves to amend the complaint. For the reasons set forth below, the motion to dismiss is denied and the cross-motion to amend the complaint is granted.

Background

The Sponsor, defendant 141 East 88th Street, LLC, was the original owner of the real property at 141 East 88th Street, New York, New York (the "Building"). Pursuant to an offering plan, the Sponsor would convert the Building to condominium ownership and offer and sell the condominium units to purchasers under purchase agreements. The Sponsor created the Condominium under a declaration recorded on July 19, 2013, and thereafter began closing on sales of units.

The original Complaint alleged that the Sponsor, defendant The Cheshire Group, an alleged alter ego of the Sponsor and the individual principals breached their obligations under the Offering Plan and Purchase Agreements by defectively constructing its improvements and renovations to the Building. Additionally, the complaint contained allegations that defendants violated the Debtor and Creditor Law, by providing equity distributions without fair consideration and leaving it with an unreasonably small capital. The proposed amended

complaint expands on those allegations and inserts factual allegations that have occurred during the pendency of the instant litigation.

Motion to Dismiss

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v. Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268 [2014].

"To establish fraud, a plaintiff must show a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 151 AD3d 83 at 85 [1st Dept 2017]. Further, CPLR § 3016(b) provides that when a cause of action is based upon fraud "the circumstances constituting the wrong shall be stated in detail."

Under CPLR Rule 3211(a)(1) documentary evidence provides a basis for dismissing a cause of action "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v Mutual Life Ins. Co. of NY*, 98 NY2d 314, 326 [2002].

Movants contend that plaintiff's second cause of action, fraudulent conveyance pursuant to (the now repealed) Debtor Creditor Law (DCL) §§273, 278, and third cause of action, constructive fraudulent conveyance causing unreasonably small capital pursuant to DCL §§274

and 278, fail to state a cause of action. Further movants contend that the proposed amended complaint does not address the deficiencies, as such allowing the amendment would be futile.

The Court does not agree. Specifically, movants contention that claims made pursuant to the cited DCL sections required heightened pleadings pursuant to CPLR § 3016 (b) has been rejected by the First Department, (*Hudson Spring Partners, L.P. v P+M Design Consultants, Inc.*, 210 AD3d 553, 554 [1st Dept 2022]). The First Department specifically held that only claims made pursuant to DCL § 276 are subject to the pleadings standards of CPLR § 3016 (b), and the other sections are not subject to those standards. *Id.*

As to the documentary evidence submitted by the movants, the Court is not persuaded that it "utterly refutes" plaintiff's allegations as a matter of law. Accordingly, movants motion to dismiss the second and third cause of action is denied.

Cross-Motion to Amend

CPLR § 3025(b) authorizes a party to seek leave of the Court to amend or supplement a pleading. As stated therein, leave "shall be freely given upon such terms as may be just." A motion to amend a complaint is to be granted if (a) the amended claims have merit and (b) the opposing party is not unfairly surprised or prejudiced by the filing of the amended claims.

Here, the Court finds that plaintiff has established, and defendants have not rebutted that they would suffer no prejudice or unfair surprise. As indicated above, allowing such amendment would not be futile as the Court finds that the allegations are sufficiently pled. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss the second and third causes of action is denied; and it is further

**153289/2019 Motion No. 007**

**Page 4 of 5**

ORDERED that the plaintiff's cross-motion for leave to amend the complaint is granted; and it is further

ORDERED that the amended complaint, in the form annexed to the motion papers, shall be deemed served upon service of a copy of this order with notice of entry upon all parties who have appeared in the action; and it is further

ORDERED that defendants shall serve an answer to the amended verified complaint or otherwise respond thereto within 20 days from the date of service of this Order with Notice of Entry.

20240627162839LFRANKCE4DF77C4ED24E53AA0336DA2FF2790F

| | | |
|---|---|---|
| **6/27/2024** | | **LYLE E. FRANK, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |