24-919-cv
*Bates v. Abbott Lab'ys*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of January, two thousand twenty-five.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

LARISSA BATES, on behalf of herself, all others similarly situated, and the general public,

> *Plaintiff-Appellant*,

> v.                                                                                24-919-cv

ABBOTT LABORATORIES,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MELANIE R. MONROE (Jack Fitzgerald *on the brief*), Fitzgerald Monroe Flynn PC, San Diego, California. |
| FOR DEFENDANT-APPELLEE: | MICHAEL A. GLICK (Conley K. Hurst *on the brief*), Kirkland & Ellis LLP, Washington, District of Columbia. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 29, 2024, is **AFFIRMED**.

In this putative class action, Plaintiff-Appellant Larissa Bates appeals from the district court's judgment dismissing her claims brought against Defendant-Appellee Abbott Laboratories ("Abbott") under New York General Business Law ("GBL") §§ 349 and 350.[1]  Bates, a former consumer of Abbott's Ensure products, alleges that Abbott's use of health and wellness statements on the labels affixed to its Ensure nutrition shakes and drinks are false and misleading because the high amount of added sugar in the products is harmful to an individual's health.  The district court dismissed the GBL §§ 349 and 350 claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), holding, *inter alia*, that Bates had failed to state a plausible claim that the labels on the Ensure products are false or misleading.  *See Bates v. Abbott Lab'ys*, 727 F. Supp. 3d 194, 209–16 (N.D.N.Y. 2024).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, we "accept[] as true all factual claims in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *Fink*

---

[1] Although Bates asserted other claims in her complaint that were dismissed by the district court, she has explicitly abandoned any challenge to the dismissal of those claims on appeal. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 294 (2d Cir. 2008).

2

*v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam).

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," N.Y. Gen. Bus. Law § 349, and GBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce," *id.* § 350. "To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples*, *Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (internal quotation marks and citation omitted). With respect to the "materially misleading" element, we have explained that, to survive a motion to dismiss, "a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (internal quotation marks and citation omitted); *accord Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 37 N.Y.3d 169, 178 (2021). "The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself," *Fink*, 714 F.3d at 742, which "[w]e . . . consider . . . as a whole, including disclaimers and qualifying language," *Mantikas*, 910 F.3d at 636. "We have acknowledged that, when ambiguity might exist related to certain representations on a product's label, context can be crucial in determining whether a reasonable consumer would have been misled or deceived as 'under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception.'" *Foster v. Whole Foods Mkt. Grp., Inc.*, No. 23-285-cv, 2023 WL 8520270, at *2 (2d Cir. Dec. 8, 2023) (summary order) (quoting *Fink*, 714 F.3d at 742).

As framed by the district court, and as confirmed by Bates's counsel at oral argument, "[a]t their core, [Bates's] allegations that the labeling is materially misleading are based on the idea that [Abbott] markets Ensure drinks as healthy and nutritious and that they provide certain health

3

benefits but that these claims are false because the products contain added sugar," which is "detrimental to consumers' health." *Bates*, 727 F. Supp. 3d at 212. We agree with the district court that Bates has failed to state a plausible claim that the challenged statements on the label were false or misleading under this theory.

This Court has emphasized that "there can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (internal quotation marks and citation omitted); *see Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002) ("The standard for recovery under [GBL] § 350, while specific to false advertising, is otherwise identical to section 349."). As a threshold matter, Bates concedes that the amount of sugar was disclosed on the federally-mandated Nutrition Facts Panel included within the label of each Ensure product, and a consumer concerned with health and wellness could read that Panel to discern how much sugar the product contained. To be sure, in *Mantikas*, we explained:

> [R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that *confirms* other representations on the packaging.

910 F.3d at 637 (emphasis in original) (internal quotation marks and citations omitted). Thus, in *Mantikas*, we concluded that the plaintiffs' GBL claim survived a motion to dismiss because "[p]laintiffs plausibly allege[d] that the Nutrition Facts panel and ingredients list on whole grain Cheez-Its—which reveals that enriched white flour is the predominant ingredient—contradict, rather than confirm, [d]efendant's 'whole grain' representations on the front of the box." *Id*. However, unlike in *Mantikas*, the challenged labeling statements at issue on the Ensure products are not alleged to be affirmatively inaccurate, or contradictory to the Nutrition Facts Panel, because none of the challenged statements reference the sugar content of the product; indeed, none of the

4

labeling statements at issue even mentions sugar. *See, e.g.*, *Baines v. Nature's Bounty (NY), Inc.*, No. 23-710-cv, 2023 WL 8538172, at *3 (2d Cir. Dec. 11, 2023) (summary order) (distinguishing the claims from those in *Mantikas* because they "failed to allege that the clarifying information on the back label contradicts the representations on the front label"); *Foster*, 2023 WL 8520270, at *2 (distinguishing *Mantikas* because "the case before us does not involve an affirmatively inaccurate statement").[2]

Moreover, even assuming *arguendo* that the general statements about health and nutrition on the labeling of the Ensure products implicitly create some ambiguity about the sugar content of those products, any such ambiguity is cured by the accurate reporting of the sugar content on the Nutrition Facts Panel. *See, e.g.*, *Baines*, 2023 WL 8538172, at *3 ("To the extent the front label leaves any ambiguity about the contents of Defendants' product, the back label provides sufficient clarification."); *Foster*, 2023 WL 8520270, at *2 ("Even assuming that the representation on the front label might be considered ambiguous, the additional information on the [product's] back label provides clarifying language that definitively dispels any arguable ambiguity on the front."); *Hardy v. Olé Mexican Foods, Inc.*, No. 22-1805-cv, 2023 WL 3577867, at *3 (2d Cir. May 22, 2023) (summary order) (emphasizing that "[e]ven if *Mantikas*'s reasoning applied to some place-of-origin advertising, . . . its 'front-of-the-package' rule does not apply here, where the front-side packaging makes no express representations as to the origin of the [products at issue], while the back of the packaging unambiguously notes where the products were 'made' and 'manufactured'"). In other words, as the district court noted, "[a] consumer who agrees with

---

[2] We recognize that in *LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 890–94 (N.D. Cal. 2023), the district court held, *inter alia*, that false advertising claims brought against Abbott under California's consumer protection laws were plausible claims that survived a motion to dismiss with respect to certain challenged statements on the Ensure labels. However, the analysis in *LeGrand* was under California law and does not support the same result in this particular case, in which we are applying New York law as articulated in *Mantikas* and similar cases.

[Bates's] perspective that [too much] added sugar vitiates any other health benefits the [Ensure] drinks may contain can look at the labels and determine how much sugar the drinks contain," and thus, "any misconception about the contents of the Ensure drinks based on claims about positive benefits can be resolved by a consumer who looks at the sugar content on the labels."[3] *Bates*, 727 F. Supp. 3d at 213 n.7.

In sum, given that the challenged labeling statements about the health and nutrition benefits of the Ensure products make no claim at all about sugar, and that each of the Ensure labels at issue expressly lists the sugar content on the Nutrition Facts Panel, the district court correctly held that Bates failed to plausibly allege that any of the challenged statements at issue are false or misleading to a reasonable consumer, and properly dismissed the claims under GBL §§ 349 and 350.[4]

\*     \*     \*

We have considered the remaining arguments on appeal and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] To the extent that Bates suggests that the challenged statements were misleading under New York law, notwithstanding the Nutrition Facts Panel, because Abbott did not also disclose the potential adverse health effects of added sugar, we disagree because a reasonable consumer could certainly discover and examine the health effects of added sugar on their own, including from the numerous publicly available studies and sources that Bates cites in her complaint. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995) ("In the case of omissions in particular . . . [GBL § 349] surely does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation. The scenario is quite different, however, where the business alone possesses material information that is relevant to the consumer and fails to provide this information.").

[4] Because we affirm the district court's dismissal of the complaint on this ground, we need not (and do not) address the district court's alternative grounds for dismissal, namely, that certain challenged statements were inactionable puffery and certain portions of Bates's claims were preempted by the Federal Food, Drug and Cosmetic Act. *See Bates*, 727 F. Supp. 3d at 215–21.