Haque v T & S Interiors Corp. (2025 NY Slip Op 06647)

Haque v T & S Interiors Corp.

2025 NY Slip Op 06647

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 654064/24|Appeal No. 5244|Case No. 2025-00566|

[*1]Murtaza Haque et al., Plaintiffs-Appellants,
v
T & S Interiors Corp., et al., Defendants-Respondents.

HGT Law, New York (Joo Yun Kim of counsel), for appellants.
La Reddola, Lester & Associates, LLP, Garden City (Robert J. La Reddola of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about January 17, 2025, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs. 
Supreme Court providently granted the motion to dismiss the complaint, as plaintiffs failed to state a cause of action for breach of contract as against defendants and alter ego liability as against defendant Leonardo Tiago. Even if they have not, the documentary evidence submitted by defendants conclusively establishes a defense to the asserted claims as a matter of law (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). 
In April 2024, the parties entered into a renovation contract, pursuant to which plaintiffs paid defendant T & S Interiors Corp. a deposit of $122,527.28 representing 35 percent of the total cost of the work. As is relevant here, the renovation contract included provisions related to the procurement of various forms of insurance, and provisions related to Contract Termination. The contract distinguished between Termination for convenience and Termination for cause. In the latter instance the contract provided that defendants were "entitled to receive payment for work executed, and costs incurred by reason of such termination, along with reasonable overhead and profit on the work not executed" and "may at its [defendants'] option, receive, collect and recover the sum equal to 25 percent of the total balance of the contract price as a measure of its damages and lost profit." 
As set forth in their complaint, prior to the commencement of the renovations, the plaintiffs decided to increase the scope of their apartment renovation in May 2024. They provided their revised plans to defendants and rejected defendants submitted revised bids of May 17 and 29, 2024, respectively. Plaintiffs maintain that they worked with defendants in good faith until June 13, 2024, when they sent defendants their decision in a letter to place the renovations on hold "due to unforeseen circumstances," and requested return of their deposit. In response, Defendants asserted that they were entitled to retain 25 percent of the total contract amount. 
Plaintiffs contend that the contract was properly terminated for cause due to defendants' failure to tender certain required insurance documentation. Specifically, they argue that the court erred in granting dismissal as the certificate of insurance that defendants submitted with their motion to dismiss was not "conclusive proof" that they held any insurance policies (see Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co., 5 AD3d 198, 200 [1st Dept 2004]). Furthermore, the certificates were insufficient because they were unauthenticated and their authenticity is in dispute (cf. CGreen, LLC v Quantum Impact Steel LLC, 232 AD3d 974, 975 [3d Dept 2024]). Finally they maintain, even if the certificate and policy were admissible to refute plaintiffs' claims, defendants did not refute plaintiffs' allegations that they failed to obtain all the insurance required under the construction agreement, as they failed to present any evidence that they obtained the required automobile, employer's liability, and builder's risk insurance policies (see Goshen v Mutual Life Ins. Co., 98 NY2d 314, 326 [2002]). 
The Court correctly found that the defendants established the plaintiffs terminated the contract due to convenience and not because of defendants' alleged material breach of failing to obtain the required insurance policies. 
We further find plaintiffs' argument that they converted the termination for convenience into a termination for cause via the complaint to be unpersuasive as plaintiffs neither notified defendants of the breach prior to filing their complaint, nor provided the required seven days' written notice of termination prior to filing the complaint (cf. 400 15th St., LLC v Promo-Pro, Ltd., 28 Misc 3d 1233[A] [Sup Ct, Kings County 2010] [finding termination for convenience converted into one for cause where, three weeks after sending the defendant a letter terminating contract for convenience and after further review of defendants' work in the interim, the plaintiff sent a follow-up letter explicitly converting the termination for convenience into one for cause and giving the defendant seven days' notice to cure]). 
Defendants are therefore, entitled to dismissal of all causes of action and to retain 25 percent of the contract price pursuant to the parties' agreement. In so far as plaintiffs put a 35 percent down payment, they are entitled to return of the 10 percent difference
between the down payment and the contract price. 
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025